GLADYS PANGLORNE v. CHARLOTTE WEISS.

Argued June 3, 1913—Decided November 5, 1913.

Where a landlord in the absence of the tenant from the premises procured the keys of the tenant's apartments, and without the tenant's knowledge entered the premises, removed the lock, and left the door open until the tenant returned nearly two hours thereafter, when she discovered the loss of some of her personal property—*Held*, that the landlord was guilty of trespass *vi et armis*, and was liable for the loss thus sustained.

On appeal from Newark District Court.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the plaintiff, *Charles M. Mason*.

For the defendant, *Adams & Schoen*.

The opinion of the court was delivered by

MINTURN, J. The case was in trespass *vi et armis*. The plaintiff was defendant's tenant of apartments in the city of Newark. While the plaintiff was absent from her apartments the defendant forcibly took the keys of the. place from the plaintiff's son, who was a boy about eleven years of age, unlocked the door and entering the apartments removed the lock from the rear door for the purpose of repairing the lock, the plaintiff having complained that the same was out

of order. When the plaintiff about two hours thereafter returned to her apartments she found the door open, the lock still removed, and $10 and one diamond ring valued at $50 missing.

The trial of the case resulted in a judgment in the plaintiff's favor for the value of the lost property, from which the defendant appeals. We think the judgment was legally correct. In removing the lock without the plaintiff's consent at the time and under the circumstances, the defendant occupied the legal *status* of a trespasser. 1 *Ad. Torts* 386; 24 *Cyc.* 1131 and cases.

The rule of damages applicable to such a situation is liability for loss naturally and proximately resulting from the act of tort feasance. 1 *Ad. Torts* 457; *Labrasca* v. *Hinchman*, 52 *Vroom* 367; *Kingsley* v. *Delaware, Lackawanna and Western Railroad, Id.* 536; *Jesse French Piano Co.* v. *Phelps*, 47 *Tex. App.* 385.

A reasonably prudent man might have foreseen the probable consequences of this act of trespass, and should have taken measures to avoid them. Having failed to observe this care or foresight for harm, which the law requires, the defendant is legally chargeable with its natural consequences, and must sustain the loss.

The judgment will be affirmed, with costs.