GLADYS PANGLORNE, PLAINTIFF-APPELLEE, v. CHARLOTTE WEISS, DEFENDANT-APPELLANT.

Argued March 17, 1914—Decided June 15, 1914.

A tenant complained to her landlord that a lock on one of the doors of the property leased was out of repair, and during her absence the landlord obtained from her son a key, left with him by his mother, and entering the apartment removed the lock and carried it away for the purpose of repairing it, leaving the door without a lock. Some time during the absence of the tenant, whether before or after the lock was taken off did not appear, some person unknown entered the apartment and carried away a small sum of money and a diamond ring for the value of which the tenant sued the landlord. *Held*, that the action could not be maintained because there was no evidence that the act of the landlord was the proximate cause of the loss.

On appeal from the Supreme Court, whose opinion is reported in 56 *Vroom* 154.

For the plaintiff-appellee, *Charles M. Mason.*

For the defendant-appellant, *Adams & Schoen.*

The opinion of the court was delivered by

BERGEN, J.   This action was instituted in the Second District Court of Newark to recover the value of a diamond ring and $10 in money, taken from plaintiff's apartment during her absence by "some person unknown," and also "for other damages and outrages to her the said plaintiff then and there committed."

The agreed facts show that plaintiff was the tenant of the defendant and had complained to her that the lock on the rear door of the demised premises was out of repair.   She left home about seven-thirty in the morning and returned about four P. M.   She had left the key to the front door of her apartment with her son, who was about eleven years of age, and during her absence, and about two-fifteen P. M., the defendant took the key from the boy, opened the apartment and removed the lock from the rear door, taking it with her for the purpose of repairing it.   When the plaintiff returned, the rear door was open and the ring and money missing.   The plaintiff had judgment, which was affirmed in the Supreme Court, and defendant appeals from the judgment of affirmance.

The difficulty with the plaintiff's case is that there is no proof that the act of the defendant in taking off the lock of the rear door was the proximate cause of the loss, nor is there anything in the record from which it can be properly inferred.   For aught that appears, the loss may have happened after the plaintiff left and before the lock was removed.   The evidence taken at the trial is not before us; all we have is an agreed state of the case, and to that we are confined.

In order to hold the defendant, it must appear that her act in removing the lock, for the purpose stated, was the proxi-

mate cause of the loss, and as there is a total absence in·this case of any evidence from which it can be inferred that the defendant's act was the proximate cause of the loss, the plaintiff has not sustained the burden required in such cases, and the denial of the trial court of defendant's motion, that in estimating plaintiff's damages the value of the ring and money should not be considered, was an error injurious to the defendant. If this defendant was guilty of a trespass the plaintiff could have recovered such damages as she suffered from the trespass, but that is entirely distinct from a special damage, arising from the wrongful act of another, unless such special damage results from the natural and proximate effect of the act complained of, and of the latter there is no proof in this case.

The judgment of the Supreme Court and of the District Court is reversed, and a *venire de novo* ordered.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 10.