GOPE H. GIDWANI *vs.* PETER W. WASSERMAN.

Middlesex.    February 10, 1977. — July 29, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Proximate Cause.   Negligence,* Proximate cause.   *Landlord and Tenant,* Recovery of possession.   *Res Judicata.*

In an action for wrongful entry upon a tenant's premises by a landlord, evidence warranted a finding that the landlord failed to give written notice at least ten days prior to his attempted repossession as required by the terms of the lease. [165-166]

Where a landlord wrongfully entered a tenant's premises, disconnected a burglar alarm, and failed to reset it, he was liable for damages resulting from a burglary of the premises. [166-167]

In a civil action, a judge did not err in excluding the testimony of a witness where the offer of proof did not show that the witness could testify to anything admissible in evidence with respect to any of the issues. [167-168]

A landlord was barred by the doctrine of issue preclusion from relitigating a claim seeking recovery of rents allegedly owed by a tenant where the issue was litigated in an earlier proceeding between

the same parties and was essential to the earlier judgment. [168-169]

Where issues sought to be raised by a complaint were fully litigated by trial on two earlier consolidated claims, there was no error in the denial of leave to amend the third claim. [169]

CONTRACT OR TORT.   Writ in the Third District Court of Eastern Middlesex dated December 11, 1974.

TWO ACTIONS OF CONTRACT.   Writs in the Third District Court of Eastern Middlesex dated April 17, 1974.

The actions were heard by *Fine,* J.

*Gregory Griffin* for the defendant.

*Michael S. Avratin* (*Allan H. Okstein* with him) for the plaintiff.

ABRAMS, J.   This appeal concerns three separate actions, each tried in a District Court. On entry of judgment, the landlord Wasserman, who is the appellant in each action, claimed a report to the Appellate Division of the District Courts, Northern District. G. L. c. 231, § 108. The Appellate Division found no error and dismissed the reports. Wasserman sought review in this court. We affirm the order of the Appellate Division dismissing the reports.

The plaintiff lessee Gidwani brought an action for breach of contract and tort for trespass. Count 1 sought recovery for wrongful entry and possession of premises by Wasserman, the defendant landlord. Count 2 sought compensation for merchandise stolen from the premises allegedly as a consequence of Wasserman's having disengaged the burglar alarm.

Earlier, Wasserman had commenced an action in contract against Gidwani for rent payments due in March and April, 1974. Gidwani answered by general denial, accord and satisfaction, and denial of signature. By amended answer, Gidwani asserted wrongful entry and breach of contract. The two actions were consolidated for trial.

The landlord brought a subsequent action for rents owing for October, November, and December, 1974, and Gidwani offered the same defenses. This action was not consolidated with the others.

Gidwani *v.* Wasserman.

In the action brought by the lessee Gidwani, the trial judge, after denying the defendant's requests for rulings, found for the plaintiff on both counts, and awarded $2,350 in damages on count 1 and $9,600 on count 2. In the consolidated action for rent due, the trial judge found for the defendant.

Wasserman sought to amend his complaint in the third action, and this motion was denied. At the same time the judge allowed Gidwani's motion to dismiss this action on grounds of res judicata and collateral estoppel.

The pertinent facts are as follows.

Gidwani leased premises located at 1154 Massachusetts Avenue, Cambridge, from Wasserman and opened a clothing store. The lease required monthly payments of $550, a portion of the taxes on the premises, and a $550 security deposit. It further provided that the landlord could, ten days after giving notice of nonpayment, enter and repossess the premises.[1] Gidwani failed to pay rent in March and

---

[1] Article 12 of the lease provided:

"This Lease is upon the condition that, if Tenant shall neglect or fail to pay when due any installment of rent or reimbursement of taxes or any other charges payable by Tenant and such neglect or failure shall continue for ten days after written notice thereof to it from Landlord, or if Tenant shall neglect or fail to perform or observe any of the other covenants or undertakings herein on its part to be performed or observed and such neglect or failure shall continue for thirty (30) days after notice to it from Landlord, or, if the default is such that it cannot be cured within thirty (30) days, it shall not within said period commence to cure such default and continue to do so diligently, or if the estate hereby created shall be taken by execution or by other process of law and not redeemed by Tenant within fifteen (15) days thereafter, or if proceedings for corporate reorganization or arrangement under the Bankruptcy Laws of the United States or any laws amendatory thereof or supplemental thereto shall be filed by or against Tenant and not be dismissed within thirty (30) days, or if any other proceedings are instituted against the Tenant under any Bankruptcy or Insolvency Law and not be dismissed within thirty (30) days, or if the Tenant shall execute an assignment of its property for the benefit of its creditors, or if a receiver or other similar officer for Tenant shall be appointed and not be discharged within thirty (30) days, Landlord may, immediately or at any time thereafter (notwithstanding any license or waiver of any former breach . . . [or] waiver of the benefit hereof, or consent in a former instance), and without demand or notice, in person or by agent or attorney, enter the Premises or any part thereof and repossess the same as of its former estate, or terminate this

April, 1974, and a suit was commenced by the landlord. In October, 1974, Gidwani made two $200 payments, and he paid no rent in November, 1974.

On November 26, 1974, Wasserman put two new locks on the front door of the premises. On the next day, after Gidwani had cut the new locks from the door, Wasserman returned to the premises and entered for purposes of repossessing the property for nonpayment of rent. He padlocked the doors and boarded up the front and rear doors. The manager of the store was ordered to leave the premises and was admonished not to return.

The store's burglar alarm was activated while Wasserman was engaged in the process of closing down the store. Wasserman silenced the alarm by disconnecting it. Though Wasserman and Gidwani were aware that the alarm had been tripped and both knew that it would not function unless reset, neither party reset the alarm. On December 2, 1974, the store was burglarized and merchandise valued at $12,000 was stolen.

Gidwani sued Wasserman for the loss, claiming that it was proximately caused by Wasserman's unlawful entry onto the premises. He sought further compensation for the business lost as a result of Wasserman's actions.

After the trial of the consolidated actions, the judge found that Gidwani owed no rent for March or April, 1974, and, further, that Wasserman's unlawful entry was the proximate cause of Gidwani's losses. Accordingly, the judge awarded damages of $2,350 for the loss of profits and $9,600 for merchandise taken in the burglary.

1. *Legality of entry.* Referring to a provision of the lease which provided for entry and recovery without judicial process in the event of default, Wasserman argues

Lease by written notice to Tenant, and in either event expel Tenant and those claiming through or under it and remove their effects (forcibly, if necessary) without being deemed guilty of any manner of trespass and without prejudice to any remedy which otherwise might be used for arrears of rent or breach of covenant, and upon entry or notice as aforesaid this Lease shall terminate and the Landlord, in addition to all other remedies which it may have at law, shall have the remedies provided in Article XIII hereof."

that his entry was lawful. Additionally, he asserts that
G. L. c. 184, § 18, which proscribes recovery of leased
property without judicial process, is limited to residential
tenancies, and is not applicable in a commercial setting.

We need not consider the proper construction of c. 184,
§ 18. The rights of the parties are instead governed by
art. 12 of the lease. Though that provision allows for extra-
judicial entry and repossession, its own terms condition
the right on the giving of written notice at least ten days
prior to the attempted repossession.

Conflicting evidence was presented at trial on the ques-
tion of notice, and this factual issue was decided in favor
of Gidwani. Where, as here, the judge's findings rest largely
on oral evidence they must stand unless plainly wrong.
*Gannon* v. *MacDonald*, 361 Mass. 851 (1972). *Colbert* v.
*Hennessey*, 351 Mass. 131 (1966). As we conclude that
her finding on this question is not plainly wrong, it will
not be disturbed on appeal.

2. *Liability for ensuing loss.* Wasserman contends that
he took all reasonable precautions to ensure the safety of
Gidwani's merchandise, and that the burglary constituted
an independent, intervening cause, relieving him of any
liability for the stolen merchandise.

Under normal circumstances, in the absence of any
reason to expect the contrary, the actor may reasonably
expect that others will obey the criminal law. W. Prosser,
Torts § 33, at 173-174 (4th ed. 1971). Generally, the act
of a third person in committing an intentional tort consti-
tutes a superseding cause of harm to another resulting
therefrom, even though the actor's conduct created a situ-
ation which afforded an opportunity to the third person
to commit such a tort or a crime. However, liability will
be imposed where the actor realized, or should have real-
ized, the likelihood that such a situation might be created,
and that a third person might avail himself of the oppor-
tunity to commit a crime. *Bellows* v. *Worcester Storage
Co.*, 297 Mass. 188, 195 (1937). Restatement (Second) of
Torts § 448 (1965).

On the evidence before her, the District Court judge

could have found, as she did, that the likelihood of burglary was a natural and foreseeable consequence of Wasserman's unlawful entry and subsequent conduct. A burglary may be a natural, reasonable, and probable consequence of a defendant's disengaging an alarm which is placed on the premises for the sole purpose of protecting the building from such acts. Cf. *Jesse French Piano & Organ Co.* v. *Phelps*, 47 Tex. Civ. App. 385 (1907); *Strong* v. *Granite Furniture Co.*, 77 Utah 292 (1930). By failing to comply with the notice requirement, Wasserman entered wrongfully. "The rule of damages applicable to such a situation is liability for loss naturally and proximately resulting from the act of tort feasance."[2] *Panglorne* v. *Weiss*, 85 N.J.L. 154, 155 (1913), rev'd on other grounds, 86 N.J.L. 286 (1914). "A reasonably prudent man might have foreseen the probable consequences of this act of trespass, and should have taken measures to avoid them. Having failed to observe this care or foresight for harm which the law requires, the defendant is legally chargeable with its natural consequences, and must sustain the loss." *Id.* We have said that theft is a foreseeable result of a defendant's failure to fix a door which he damaged. *Bellows* v. *Worcester Storage Co.*, *supra* at 196-197 (1937). We think that the same result obtains where the defendant wrongfully enters a store's premises, disconnects a burglar alarm, and then fails to reset it.

3. *Evidentiary rulings.* Wasserman contends that the judge erred when she excluded the testimony of one Mohan; his anticipated testimony would have been to the effect that the robbery was an "inside job." Initially, we note that Wasserman is procedurally barred from raising this claim, as he failed to file with the court clerk a written request for report on this issue within five days of the hearing. See Dist. Mun. Cts. R. Civ. P. 64 (a), as amended (1975). Cf. *Dalton* v. *Post Publishing Co.*, 328 Mass. 595,

---

[2] Under the comparative negligence statute, G. L. c. 231, § 85, the District Court judge found that 20% of the loss was attributable to Gidwani's own negligence. Recovery was reduced accordingly.

599 (1952). Leaving aside this procedural question, it is clear that no error was committed by the exclusion of Mohan's testimony. The offer of proof did not show that the witness could testify to anything admissible in evidence relating either to the entry on November 27, 1974, or to the burglary on December 2 of that year. See, e.g., *Rockport Granite Co.* v. *Plum Island Beach Co.*, 248 Mass. 290, 295 (1924).

4. *Res judicata.* Wasserman argues that the dismissal of the third action — seeking recovery of rents allegedly owing for October, November, and December, 1974 — was improper. While this was the subject matter of a suit which was *not* consolidated with the other two actions, at the hearing on the consolidated matters, evidence was introduced pertaining to nonpayment of rent from October to November. Findings were entered on this issue. The judge found that Gidwani paid $400 rent in October, leaving a balance of $150; that no rent was paid in November; that the one month's rent paid in advance as a security deposit should be applied to the tenant's obligation for November; that the tenancy was wrongfully terminated by the landlord prior to December 1, thus relieving Gidwani of any duty to pay rent for that month; and that Wasserman did not at any time provide Gidwani with notice of real estate taxes due as required by the terms of the lease. The unpaid balance of $150 was deducted from Gidwani's lost profits award of $2,500.

The judge's final judgment thus involved (a) a determination of the amount of Gidwani's loss proximately caused by Wasserman; (b) a determination of the amount of rent wrongfully withheld from Wasserman by Gidwani; and (c) a reduction in the former amount by subtraction of the latter. Thus, the finding of the amount due Wasserman for nonpayment of rent was an essential component of the final judgment. The subsequent action was between the same parties. Cf. *McKissick* v. *Travelers Ins. Co.*, 337 Mass. 477 (1958). The issue raised in the subsequent action was actually litigated in the earlier proceeding and was essential to the earlier judgment. Therefore, the doc-

trine of issue preclusion bars relitigation of that issue in the subsequent action between the same parties. *Cambria* v. *Jeffery,* 307 Mass. 49 (1940). See Restatement (Second) of Judgments § 68 and Comment h (Tent. Draft No. 4, 1977). The doctrine was applied properly in the instant case. See *Mellen* v. *Modern Parlor Frame Corp.,* 321 Mass. 305, 309 (1947); *Lesberg* v. *Lesberg,* 260 Mass. 216, 221 (1927).

5. *Denial of leave to amend complaint.* Given the fact that the issues sought to be raised by the complaint in the third action were fully litigated by trial on the consolidated claims, denial of leave to amend the third claim was similarly proper.

*Order dismissing reports affirmed.*