DEANNE L. CANTY *vs.* JOHN F. CANTY, JR. June 14, 1984. *District Court,* Jurisdiction, Draft report. *Jurisdiction,* District Court. *Uniform Reciprocal Enforcement of Support Act.*

On June 11, 1982, judgment was entered in favor of the plaintiff, on her petition under the Uniform Reciprocal Enforcement of Support Act (G. L. c. 273A), ordering the defendant, her former husband, to provide weekly support payments for the children of their marriage. The defendant did not take reasonable steps to request a report pursuant to Rule 64 of the District Municipal Courts Rules of Civil Procedure. A document filed by the defendant purporting to reserve his right to request a report, or take certain other action, did not alter his duty seasonably to request a report, if he wished review of the order. A request for a report and a draft report were untimely filed thirty-one days after judgment was entered. The District Court judge dismissed that report. The Appellate Division of the District

---

[1] The other defendants are the three trustees of the Frank Frederick Construction Co., Inc., Profit Sharing Trust. The trial judge allowed a motion for a required finding for the defendant corporation. The plaintiff's argument here concerns only his claim against the defendant trustees.

Courts denied the defendant's petition to establish that report. The defendant has appealed to this court. There was no error. The request for a report was not timely, and the draft report was properly dismissed. There is no merit to the defendant's argument that rule 64 is unconstitutionally vague or otherwise unconstitutional. The only issues that could possibly be before us concern the question whether the District Court had jurisdiction over the proceedings. See *Kirby* v. *Kirby,* 338 Mass. 263, 266 (1959). We need consider no other issue.

Assuming that jurisdictional issues are before us, in spite of the untimeliness of the defendant's attempt to seek appellate review (cf. *Harker* v. *Holyoke,* 390 Mass. 555, 559-560 [1983]), we conclude that the District Court had jurisdiction to consider the support claim. The fact that the plaintiff moved with the children to New York following Massachusetts divorce and commenced this action in New York under the uniform act does not prevent relief against the father in Massachusetts pursuant to G. L. c. 273A. This is the general view of the uniform act. See *State ex rel. Shannon* v. *Sterling,* 248 Minn. 266, 269-270 (1956); *Daly* v. *Daly,* 21 N.J. 599, 610 (1956); *Valley* v. *Selfridge,* 30 Wash. App. 908, 910-911 (1982). The further fact that the plaintiff might have sought relief in the Probate and Family Court which granted the divorce and awarded her custody of the children, did not bar the District Court proceeding. The remedies of the Uniform Reciprocal Enforcement of Support Act "are in addition to and not in substitution for any other remedy." G. L. c. 273A, § 2, as appearing in St. 1954, c. 556, § 1. See M_____ v. W_____, 352 Mass. 704, 707 (1967); *Kennedy* v. *Kennedy,* 17 Mass. App. Ct. 308, 315 n.10 (1983).

In order to dispose of any question of the finality of the judgment, although apparently the defendant has not sought any judicial action on the clerk's rejection of his purported notice of postjudgment removal of the case to the Superior Court, we note that there was no right to remove this action to the Superior Court pursuant to G. L. c. 231, § 104. See M_____ v. W_____, *supra* at 710.

The order of the Appellate Division of the District Courts denying the petition to establish a report is affirmed. The plaintiff is entitled to seek costs in the District Court under G. L. c. 273A, § 15, and under Mass. R. A. P. 26, as amended, 378 Mass. 925 (1979). That court may direct that a reasonable fee for the plaintiff's counsel, fixed by it, shall be paid by the defendant pursuant to G. L. c. 273A, § 15.

*So ordered.*

*John F. Canty, Jr.,* pro se.
*Joanne Fray* for the plaintiff.