LILLIAN M. O'DONNELL *vs.* GEORGE E. O'DONNELL. June 11, 1986. *Husband and Wife,* Separate support. *Divorce and Separation,* Alimony, Modification. *Uniform Reciprocal Enforcement of Support Act.*

On July 14, 1975, Lillian O'Donnell, the plaintiff in this action, filed a complaint in the Plymouth Division of the Probate and Family Court, seeking a divorce from her husband, George E. O'Donnell, the defendant in the instant action. Under a temporary support order, the defendant was ordered to pay the plaintiff $250 per month for the support of the plaintiff and their three minor children. The defendant fell behind in his support payments, and the plaintiff was forced to seek public assistance. Because the defendant was a resident of New York, the Brockton District Court, at the plaintiff's request, petitioned the New York Family Court under G. L. c. 273A, the Uniform Reciprocal Enforcement of Support Act (URESA), to enforce the defendant's duty to support his family. On May 7, 1976, at a hearing before the New York Family Court, the parties agreed on the amount that the defendant was to pay for the support of the plaintiff and the minor children. An order incorporating that agreement issued from the New York Family Court. The order called for the defendant to pay $75 weekly for the support of the plaintiff and $75 weekly for the support of the children.

On July 27, 1976, the Plymouth Division of the Probate and Family Court entered a judgment of divorce nisi on the plaintiff's divorce complaint. That judgment stated that a "stipulation executed by the parties on July 27,

1976, shall be made part of this judgment, shall be incorporated by reference, shall be binding upon the parties and shall be enforceable between them in every respect." The stipulation provided, among other things, that "[t]he New York Family Court order with respect to support of the children, alimony and visitation is adopted by reference."

In January, 1977, the defendant stopped making payments because he became unemployed. The defendant was still a New York resident, and, therefore, the plaintiff petitioned the New York Family Court under URESA for a new order of support. That court modified its May, 1976, order downward, requiring the defendant to pay only $20 a week. The order did not specify whether it was exclusively for child support or whether some of the money was intended for support of the plaintiff. Following the defendant's reemployment, the New York Family Court, again acting on a petition filed by the plaintiff under URESA, modified its order upward to $30 per week for child support, or $60 bi-weekly. In February, 1979, that court, acting under URESA, again modified its order, this time to $50 per week for child support.

On March 14, 1980, the plaintiff brought this complaint in the nature of a request for modification in the Plymouth Division of the Probate and Family Court.[1] It stated that by the terms of the stipulation incorporated in the divorce judgment, the defendant was obligated to pay her $75 a week alimony. The complaint alleged that the defendant was in arrears in his payments. The plaintiff requested that the court order the defendant to convey to her his interest in the former marital home in satisfaction of the back alimony.

At the hearing on the complaint the parties stipulated that there was but one issue for the court to decide: Did the order of the New York Family Court, dated May 7, 1976, and subsequently adopted by reference in the divorce judgment "create in [the plaintiff] a right to on-going alimony in the sum of $75 per week [up until the time that the plaintiff remarried] which survived the various modifications [of the May 7, 1976, order] by the New York Family Court?" It is the defendant's contention that at the time of the drafting of the stipulation the parties agreed to be bound by the order of the New York Family Court as to alimony and child support. Because that order was subsequently modified by orders that eliminated alimony payments, the defendant claims that he does not owe the plaintiff back alimony. The plaintiff argues that the parties intended to adopt in their stipulation only the *terms* of the New York Family Court order and did not

[1] The complaint was labeled "Plaintiff's Complaint for Modification" and was very similar to a complaint for contempt. It alleged that the defendant had violated the stipulation incorporated in the divorce judgment by not paying alimony to the plaintiff. The plaintiff requested that the divorce judgment be modified by ordering the defendant to convey his interest in the former marital home to the plaintiff in satisfaction of all the alimony owed by him. The plaintiff also brought a complaint for contempt. The judge dismissed that action, perhaps because it was similar to the instant complaint.

agree to be bound by any subsequent orders of the New York Family Court in regard to alimony. The parties submitted the matter to the judge on a statement of agreed facts.

The judge ruled in favor of the plaintiff.[2] He concluded that the parties included the reference to the New York Family Court order of May 7, 1976, in the stipulation as an aid to him in carrying out the intention of the parties. That intention was for the judgment to contain an order stating that the defendant was obligated to pay to the plaintiff $75 a week alimony. It was not the intention of the parties to be bound by any subsequent modifications that might be made by the New York Court.

There is nothing in this record that demonstrates that the judge's decision was in error. The issue was essentially a matter of the interpretation to be given to the ambiguous stipulation of the parties incorporated in the divorce judgment, and the judge's interpretation is reasonable, based on the facts in the record. The proceedings in the New York Family Court did not mandate a different result. Those proceedings were concerned with petitions filed pursuant to G. L. c. 273A. "The remedies of [ URESA ] 'are in addition to and not in substitution for any other remedy.'" *Canty* v. *Canty*, 392 Mass. 1004, 1005 (1984), quoting from G. L. c. 273A, § 2. The subsequent modifications of its May 7, 1976, order by the New York Family Court were separate from the order of alimony contained in the divorce judgment of the Plymouth Division of the Probate and Family Court and irrelevant to it. *Kennedy* v. *Kennedy*, 17 Mass. App. Ct. 308, 315 (1983). The fact that the plaintiff might have sought relief in the Probate and Family Court which granted the divorce and alimony order does not bar her present complaint. See *Canty* v. *Canty, supra.*

We have considered the other arguments of the defendant and find that they are without merit.

*Judgment affirmed.*

*Daniel J. Finn* for the defendant.
*Rose Z. Smith* for the plaintiff.


---

[2] The judge ordered the defendant to convey his interest in the former marital home to the plaintiff. The judge's action was in line with an agreement of the parties that if the judge were to answer the submitted question in favor of the plaintiff, the defendant would convey to the plaintiff his interest in the former marital home in satisfaction of all the alimony owed by him.