Donovan, J.
This case involved an action of contract filed on May 18,1988. At trial, the admissibility of certain business records arose. The trial court did not allow these records into evidence and found for the defendant. A report came before this Appellate Division concerning this non-admitted evidence. We dismiss the report and affirm the judgment for the plaintiff.
During the trial, the plaintiff offered to put into evidence certain business records but the trial court did not allow their admission into evidence. The plaintiff did not claim a report at trial. Withinfive (5) days after final judgment of the case, the plaintiff filed a written request for a report on the trial judge’s evidentiary rulings pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(a).
The plaintiff claims that an offer of proof coupled with a timely written request for a report is sufficient to permit appellate review of the Trial Judge’s decision.
Rule 64(a) is quite explicit as to what is the proper procedure to appeal a judge’s evidentiary ruling. Massachusetts cases dealing with this issue have held that when a party does not comply with the requirement of rule 64 (a), one is procedurally barred from raising a claim.
In Gidwani v. Wasserman, 373 Mass. 162, 167 (1977), the Supreme Judicial Court held that the appellant was procedurally barred from raising his claim, because the appellant failed to request a report on the issue within five days of the hearing. The holding of the case is not that the court should overlook procedural error and address the substantive claim, as suggested in the plaintiff’s brief. Again in Canty v. Canty, 392 Mass. 1004 (1984), theSupreme Judicial Court held that an appellant must seasonably request a report if he wishes to review the judge’s order. Furthermore, the Court held that rule 64 was not unconstitutionally vague or otherwise unconstitutional.
While these cases are subtly different from the case at hand, the message is quite clear. Namely, rule 64 states specific procedural requirements which must be followed and in the absence of following these principles, one will not be allowed to appeal an earlier ruling by the trial judge. While this might seem unfair to the plaintiff, *118 it would be equally unfair to the defendant who structured his case based upon what occurred at the trial. At the time of trial twenty-seven months ago, the defendant declined to put on witnesses to rebut evidence which was deemed inadmissible by the trial judge believing that the issue was resolved by the plaintiff s failure to claim a report at the trial. If the plaintiff were to have his way, he could object to any number of things at trial and then selectively pick those that he would request a report on after trial. Rule 64 is clear, concise, and coherent as to what it requires, and consequently one should not look to this court for relief when the proper procedural guidelines are not followed.
Since we have determined that the plaintiff is procedurally barred from bringing its claim, it is not necessary to analyze whether or not the failure to admit the evidence constituted reversible error.
It is therefore ORDERED that the report be dismissed and the judgment in favor of the defendant be affirmed.