CAROL L. WESTERBACK *vs.* HAROLD F. LECLAIR CO., INC.

No. 98-P-481.

Middlesex. November 5, 1999. - September 28, 2000.

Present: ARMSTRONG, C.J., SMITH, & KASS, JJ.

*Negligence,* Alcoholic liquors, Sale of liquor, Intoxicated person, Proximate cause, Foreseeability of harm. *Proximate Cause. Alcoholic Liquors,* Sale to intoxicated person.

In an action brought by a patron against a tavern for negligence and negligent infliction of emotional distress arising from the patron's having been beaten and raped by nonpatrons after the tavern served her alcohol when it knew the patron was intoxicated, the judge correctly concluded that the plaintiff's injuries were not sufficiently foreseeable, in the circumstances, to warrant the imposition of liability and correctly ruled in favor of the defendant on motions for summary judgment. [145-146, 148]

Discussion of cases in which criminal or tortious behavior by others has been sufficiently foreseeable to warrant a proprietor's liability to a patron. [146-148]

CIVIL ACTION commenced in the Superior Court Department on August 9, 1995.

The case was heard by *Carol S. Ball,* J., on motions for summary judgment.

*H. Ernest Stone & Mark W. Griffin* for the plaintiff.

*Andrew D. Myers & Robert J. Carnevale* for the defendant.

ARMSTRONG, C.J. After consuming between ten and a dozen twelve-ounce bottles of beer in the course of a day, the plaintiff went to a local package store at approximately 7 P.M. and bought two additional bottles of beer. She was drinking them outside the store when she met an acquaintance who invited her to accompany him to the defendant's tavern, Gus and Paul's. She arrived at about 8 P.M., highly intoxicated, and remained there for the next three or four hours, consuming two drinks of hard liquor and five twelve-ounce beers. She was visibly drunk: she had difficulty walking, kept falling down, appeared depressed

and sleepy, and had slurred speech. When she left at approximately 11:30 P.M. she could barely walk and had to be helped to the door.

As she began to walk home, two men in a van, Ronald Cremin and Richard Mavilia, saw her staggering down the street and offered her a ride home. She accepted, although she was later to assert in an affidavit that she would not have done so if she had not been intoxicated. The men refused to let her out of the van when they arrived near her home. Instead they drove her to a friend's trailer, beat and raped her, and left her in the woods, nude and injured.[1] The next morning she was taken to a hospital by the Groton police. Her blood alcohol content was .248.[2]

Westerback sued the tavern for negligence and negligent infliction of emotional distress, contending that her injuries resulted from its having served her alcohol knowing that she was intoxicated, in violation of G. L. c. 138, § 69. While awaiting trial, both parties moved for summary judgment. The defendant's motion was allowed, and the case is before us on the plaintiff's appeal.

The issue is whether the judge was correct in ruling that the plaintiff's injuries were not proximately caused by the defendant's serving her alcohol while she was intoxicated. "Generally, the act of a third person in committing an intentional tort constitutes a superseding cause of harm to another resulting therefrom, even though the actor's conduct created a situation which afforded an opportunity to the third person to commit such a tort or a crime. However, liability will be imposed where the actor realized, or should have realized, the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit a crime." *Gidwani* v. *Wasserman*, 373 Mass. 162, 166 (1977). "The specific kind of harm need not be foreseeable . . . provided it was foreseeable that there would be violence toward others." *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 454 (1969).

---

[1]Cremin testified in a deposition that he was indicted for, and pled guilty to, aggravated rape, kidnapping, and mayhem for the attack and was sentenced to two and one-half years in prison.

[2]These facts were alleged by the plaintiff and stipulated to by the defendant for purposes of its summary judgment motion. The defendant asserts that, if the case were tried, it would endeavor to show that the plaintiff was not visibly drunk while in the tavern and that she left in a taxicab.

Questions of reasonable foreseeability are ordinarily left to the jury, but the judge may properly decide them as a question of law where the harm suffered, although within the range of human experience, is sufficiently remote in everyday life as not to require special precautions for the protection of patrons. *Barnes* v. *Geiger*, 15 Mass. App. Ct. 365, 367-369 (1983). *Glick* v. *Prince Italian Foods of Saugus, Inc.*, 25 Mass. App. Ct. 901, 902 (1987). See, for example, *Whittaker* v. *Saraceno*, 418 Mass. 196, 196-201 (1994), in which a commercial landlord, alleged to have provided inadequate security, was not held liable for an intruder's rape of the plaintiff because the attack was not sufficiently foreseeable in the low-crime area. In our view, the judge here ruled correctly that this was not a case in which the rape should have been foreseen and guarded against by the proprietor of the tavern.

There have been two major groups of cases in which criminal or tortious behavior has been held sufficiently foreseeable as to warrant imposing liability on purveyors of alcoholic beverages. One is where injuries result from the acts of drunken patrons on the premises, whether the drunk inflicts the injuries, as in *Wood* v. *Ray-Al Café, Inc.*, 349 Mass. 766, 766 (1965); *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. at 451-452; and *Sweenor* v. *162 State St., Inc.*, 361 Mass. 524, 525-527 (1972); or is himself the injured party, as in *O'Hanley* v. *Ninety-Nine, Inc.*, 12 Mass. App. Ct. 64, 68-69 (1981). The second group is where a drunken patron inflicts injuries on others by negligent driving after leaving the premises. See *Adamian* v. *Three Sons, Inc.*, 353 Mass. 498, 499-501 (1968); *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 328-334 (1982).[3]

In contrast, we are aware of no Massachusetts appellate decision holding that a tavern owner may be found liable for an intoxicated patron's injuries that were caused by a criminal act perpetrated off the tavern premises by individuals with no connection to the tavern. Most decisions in which proprietors have been held liable to their patrons for criminal acts of others are those in which the proprietor fails to provide reasonably needed security precautions in or just outside the premises, thus laying patrons or their property open to injury or loss. Such decisions include *Morse* v. *Homer's, Inc.*, 295 Mass. 606, 609-610 (1936)

---

[3]Contrast *Barboza* v. *Decas*, 311 Mass. 10, 13 (1942) (assault with intent to rape is not the natural and probable consequence of furnishing intoxicating liquor to the perpetrator).

(jewelry store that had been robbed twice before was negligent in failing reasonably to protect a valuable, consigned diamond ring from theft by armed robbers)[4]; *Gidwani* v. *Wasserman,* 373 Mass. at 166-167 (landlord liable for burglary of tenant's clothing store after disengaging burglar alarm); *Mullins* v. *Pine Manor College,* 389 Mass. 47, 54-55 (1983) (failure of college to provide adequate security against intruders, liable in rape of student); *Sharpe* v. *Peter Pan Bus Lines, Inc.,* 401 Mass. 788, 791-792 (1988) (bus line and municipality that operated terminal could be liable for unprovoked stabbing at the terminal of patron that might have been deterred by uniformed security officer); *Fund* v. *Hotel Lenox of Boston, Inc.,* 418 Mass. 191, 192-194 (1994) (murder of guest in hotel located in a high-crime area that had inadequate security to discourage intruders); *Poskus* v. *Lombardo's of Randolph, Inc.,* 423 Mass. 637, 637-638, 640-641 (1996) (foreseeable in some circumstances that leaving keys negligently in vehicle's ignition will lead to theft and negligent driving of vehicle by thief; not foreseeable, however, that policeman chasing thief on foot would injure himself arresting thief); *Magaw* v. *Massachusetts Bay Transp. Authy.,* 21 Mass. App. Ct. 129, 131-135 (1985) (MBTA liable in mugging of female patron in unlighted tunnel that passed under the tracks at the Ashmont station); *Flood* v. *Southland Corp.,* 33 Mass. App. Ct. 287, 296-299 (1992), *S.C.,* 416 Mass. 62, 71-73 (1993) (foreseeable that drunken youths, one armed with a knife, loitering outside convenience store, might stab a patron).

In all of those cases, the crime that injured the patron or his property took place on or just off the premises of the proprietor found to be liable, in circumstances where the nature or condition of the premises called for security to ward off foreseeable criminal activity. Factors that have been cited as supporting a finding of foreseeability include a history of prior criminal episodes (*Mullins, supra; Sharpe, supra; Fund, supra; Whittaker, supra; Magaw, supra*), the unruly behavior or drunkenness of one or more persons on or just off the premises (*Carey,* 355 Mass. at 452-453, and cases cited; *Flood, supra*), a display of weapons (*Flood, supra*), failure to provide adequate lighting in secluded areas of the premises (*Magaw, supra*), or a failure to provide security, such as guards, locks, alarms, or surveil-

---

[4]Contrast *Bellows* v. *Worcester Storage Co.,* 297 Mass. 188, 194-197 (1937) (warehouse not liable for fire started by deranged truck driver of whose mental condition the proprietor had no notice).

lance, in places where such precautions are the norm (*Gidwani, supra; Mullins, supra; Sharpe, supra; Fund, supra*). There is nothing in the evidence in this case to suggest that the rape of the plaintiff by a predator was reasonably foreseeable, see *Whittaker* v. *Saraceno*, 418 Mass. at 200-201, unless one can draw the inference, simply from the general vulnerability of drunks, that they will likely be targeted by criminals — perhaps muggers or, as here, a rapist. A real difficulty with permitting a jury to draw such an inference is that most persons who drink alcoholic beverages are, to some extent, temporarily impaired, even if only slightly; the question of how impaired would inevitably be one for the jury; and owners and managers of taverns and licensed restaurants and clubs would in effect become the insurers of their patrons against criminal attacks. "There must be limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment." *Poskus* v. *Lombardo's of Randolph, Inc.*, 423 Mass. at 640. *Barnes* v. *Geiger*, 15 Mass. App. Ct. at 368-369.

The judge correctly allowed the defendant's motion for summary judgment.

*Judgment affirmed.*