Sabra, J.
In this expedited appeal filed under Dist/Mun. Cts. RAD.A, Rule 8B, the plaintiff, Bruce Whitman, appeals from the allowance of a motion for summary judgment in favor of one of the defendants, Jane Sacchetti. The plaintiff is a police officer who responded to an automobile accident which occurred in front of *123 the house where the defendant lived. The officer was injured when he slipped and fell on the driveway while conducting his investigation of the accident For the reasons which follow, the grant of summary judgment was proper and we affirm.
The agreed facts of this case can he simply stated. On January 7, 1999, at approximately 8:00 a.m., the defendant, Jane Sacchetti, was involved in a motor vehicle accident with a vehicle operated by Elizabeth T. Boyle, who is not a party to this litigation. The accident occurred at or near 73 East Main Street in Middle-boro, Massachusetts, the residence of the defendant The plaintiff, Officer Bruce Whitman, was on duty at the time and responded to the scene to investigate. He first interviewed Ms. Boyle and another person who were at the scene of the accident He next went to speak with the defendant who, by that time, had gone to her house to await his arrival. After his interview with the defendant, the plaintiff proceeded down the driveway at 73 East Main Street and slipped and fell, injuring himself. The defendant did not own the property where the plaintiff was injured nor was she issued a citation as a result of the accident
This action was filed by the plaintiff on October 6,1999. The defendant filed the Motion for Summary Judgment on December 8,1999, which was heard on January 26, 2000. After hearing, the motion was allowed by the court as to defendant Sacchetti alone on January 27, 2000. Subsequently, on May 17, 2000, defendant Sacchetti’s Motion for Separate and Final Entry of Judgment was allowed which prompted this appeal.
This appeal presents a classic tort issue of whether there was any duty on the defendant's part toward the plaintiff such that there would be a legal cause of action for negligence. Also implicated in this discussion is the notion of proximate cause and whether the plaintiff can establish a reasonable nexus between the alleged negligence complained of and the foreseeability of the injury which occurred. We do not think that the plaintiff has met his burden in this case.[2]
The plaintiffs claim of negligence stems from the fact that the defendant “left the scene of the accident” and returned to her house nearby requiring the police officer to go to her house to complete his investigation. The plaintiff cannot and does not claim that the defendant was responsible for the icy condition of the driveway of the property which she did not own. The plaintiff also implies, although has not shown, that the defendant was responsible for the accident which caused the officer to respond in the first place. With respect to the motion for summary judgment, the plaintiff argues that issues of causation and breach of duty of care are questions of fact, and, as such, would make summary judgment inappropriate.
The problem with the plaintiffs contention is that he has not established, as he must, that the defendant owed the officer a duty of care to remain or return to the scene of a minor motor vehicle accident in order to make herself available to the officer for questioning. While the plaintiff may be correct in his assertion that the question of negligence usually remains the province of the fact finder, the determination of whether there was a legally recognized duty of care is a question of law. Davis v. Westwood Group, 420 Mass. 739, 743, 652 N.E. 2d 567, 569 (1995); See Wallace v. Wilson, 411 Mass. 8, 12, 575 N.E. 2d 1134 (1991), citing Yakubowicz v. Para *124 mount Pictures Corp., 404 Mass. 624, 629, 536 N.E. 2d 1067 (1989). The trial judge properly considered the issue of duty of care as a matter of law, especially where, as here, the facts are not in dispute. Stamas v. Flemming, 345 Mass. 73 (1962). “In determining whether the defendant had a duly to be careful, we look to existing social values and customs, as well as to appropriate social policy.” Davis v. Westwood Group, supra.
The plaintiff asks us to find a very broad duty of care by motorists who summon police assistance and who, by doing so, are expected to insure the safety of those officers who respond to the scene. As asserted by the plaintiff, “but for” the defendant’s car accident and retreating to her house on a cold January morning, the plaintiff would not have been on the premises. It is true that the call to police summoned the plaintiff to the scene but this mere happening is not the same as finding that it caused the plaintiffs injury. Even if this court could find something negligent in the fact that the defendant went into her house requiring the police officer to go there to speak with her, “negligence is without legal consequence unless it is a contributing cause of the injury.” Stamas v. Fanning, 345 Mass. 73, 75 (1962), citing Baggs v. Hirschfield, 293 Mass. 1, 3; 199 N.E. 136. In this case where the immediate cause of the injury was apparently a defect in the driveway or an alleged unnatural accumulation of snow or ice,[3] circumstances over which the defendant was not shown to have any control, the fact that the defendant “left the street scene” is too remote a cause as to support a finding of causation. In this regard, courts have looked to whether the injury was “reasonably foreseeable” in making a finding of causation. We are hard pressed to find that the defendant could have reasonably anticipated that an officer responding to her home would be injured walking to and from her house aside from any duty she may have had with regard to premises liability. The untenably broad scope of the plaintiffs theory of liability here is demonstrated by considering the countless other ways an officer might be injured in responding to or investigating a motor vehicle accident[4] As stated in Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637, 637-638, 640-641, 670 N.E.2d 383 (1996), there must be limits to the scope or definition of “reasonable foreseeability” based on policy considerations and pragmatic judgment In Poskus, the court refused to expand the concept of “reasonable foreseeability” to a situation where the negligence by the defendant in leaving the keys to a car with the valet parking attendants where they could be used by a thief to steal the car was not the *125 legal cause of the injury to a police officer who was injured while on foot and attempting to apprehend the thief who was also on foot Similarly, we are not prepared to make the motoring public insurers of police officer safety when police are called to the scene of an accident
There may be situations where a duty of care may arise from the right to control land, even where the person held to that duty does not own the land in question. See Underhill v. Shactman, 337 Mass. 730, 733, 151 N.E. 2d 287 (1958). However, on the agreed statement of facts submitted with this appeal, that situation is not presented. Specifically, there was no mention made of whether the defendant was a tenant of the property in question and had assumed some responsibility for the maintenance of the driveway during the winter through a lease or other agreement We are left with the bare facts that the defendant did not own the property on which the plaintiff was injured. From this we cannot assume that she had the requisite “control” over the premises to trigger a duty of care to the plaintiff.
Accordingly, the motion for summary judgment was correctly granted. There is no error. We therefore dismiss the instant appeal.
So ordered.

 This court accepts the plaintiffs contention that police officers have a right to sue an individual whose breach of a statutory or common law duty proximately causes injury to the officer. See Mounsey v. Ellard, 363 Mass. 693, 708 (1973). The question, however, in this case is whether any such duty exists. The Mounsey case ultimately dealt with the duty of reasonable care of a property owner to all lawful visitors on the premises, which now included police officers. Here, the defendant did not own the property triggering any such duty and therefore, the plaintiff must look elsewhere for the duty of care allegedly breached.

 The record before us does not indicate the precise condition of the driveway which presumably caused the plaintiff to slip and fall. We infer that because the incident occurred in January and that the plaintiff slipped and fell, the weather or some other kind of defect were the immediate cause.

 Consider, for example, that an officer may drive very quickly to respond to a call and become involved in an accident himself. Also, an accident may occur off the road where responding there may create a dangerous situation for the officer who goes to investigate. In analogous situations, where the defendants alleged negligence is somewhat remote, the courts have declined to broaden a duty of care which would make the defendant the insurer of a plaintiff injured by third parties and superseding causes. See, e.g. Westerback v. Harold F. LeClair Co., Inc., 50 Mass. App. Ct. 144, 735 N.E. 2d 1256, review denied 432 Mass. 1111, 739 N.E. 2d 701 (2000) (court declined to find duty of bar owner where patron left and was victim of criminal attack by others who offered her ride home, stating that to hold otherwise would make bar owners insurers of their patrons); Davis v. Westwood Group, 420 Mass. 739, 652 N.E. 2d 567 (1995) (no duty of landowner to protect patron from negligence of third parties on adjacent public road which patrons of defendant landowner must cross, since such a broad duty would be “unreasonably onerous” and make landowner an insurer of the safety of travelers and pedestrians on state road).