Curran, Dennis J., J.
Thousands of fans flock to TD Garden to cheer on the Boston Bruins. It is no secret that the distribution and consumption of alcohol and the gathering of large groups of spirited fans can result in physical altercations.[1]
John P. Foley and Richard Krueger are two Bruins fans who got into a fight in a men’s restroom at TD Garden. Mr. Foley has sued Mr. Krueger for assault and battery, and also asserts negligence against both Delaware North Companies, Inc., which owns and operates TD Garden, and the Garden’s security company, AlliedBarton Security Services, LLC, alleging that they failed to provide adequate security to protect their patrons. The matter is presently before the court on Delaware North and AlliedBarton’s motion for summary j udgment.
For the reasons that follow, their motion is DENIED.
BACKGROUND
On March 25, 2010, after a Bruins game at TD Garden, Mr. Foley and two friends joined the growing line for the men’s restroom located off the concourse. All parties agree that shortly after Mr. Foley entered the bathroom, at least one unidentified man ran into the restroom through the exit door and began speaking to one of Mr. Foley’s companions. Words were exchanged, and Mr. Foley approached the men in an effort to diffuse the situation. At some point, Mr. Krueger entered the restroom. Mr. Foley and Mr. Krue-ger did not know each other.
Not surprisingly, it is here where the stories diverge.
According to Mr. Foley, Mr. Krueger approached him and screamed, “get the f — k out of here!” Mr. Foley responded with similar eloquence. Mr. Foley claims that Mr. Krueger charged at him, picked him up, held him upside down, and dropped him on the floor.
By contrast, Mr. Krueger claims that he heard a commotion in the bathroom before he entered, which he believed to be Mr. Foley swearing and yelling. Mr. Krueger entered the bathroom and saw Mr. Foley with his hands around the neck of Chris McLaughlin, a friend of Mr. Krueger. Mr. Krueger grabbed Mr. McLaughlin’s arm, and Mr. Foley, in turn, grabbed Mr. Krueger. The parties dispute the passage of time that elapsed between when the unidentified man who approached Mr. Foley’s friend until the end of the altercation between Mr. Foley and Mr. Krueger. Mr. Foley claims that it was long enough that had security personnel been properly deployed, he would not have suffered injuries.
Ultimately, security personnel entered the bathroom and intervened.[2] The parties dispute how long it took the security officers to arrive and whether they were able to break up the fight without the help of Boston police officers who also responded to the scene. It is also disputed whether the police entered at the same time as the security guards or, as Mr. Foley asserts, arrived one to two minutes later.[3]
On December 29, 2014, Delaware North and Allied-Barton filed a motion for summary judgment, arguing that because Mr. Krueger’s actions were not reasonably foreseeable, they owed no duty to Mr. Foley to protect him against Mr. Kruger’s criminal conduct. They also argue that Mr. Foley has not presented any expert evidence or testimony or evidence, which should be required to support his negligence claim.
DISCUSSION
A. The Standard
The moving party is entitled to judgment as a matter of law if it can prove that there are no genuine issues as to any material fact. Cassesso v. Comm'r of Corr., 390 Mass. 419, 422 (1983). It bears the burden of affirmatively demonstrating the absence of a triable issue of fact, and of showing that the summaiy judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). It may satisfy this burden either by submitting affirmative evidence that negates an element of the opposing party’s case or by demonstrating that the opposing parly has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In deciding such a motion, the court will view the facts in the record in the light most *551 favorable to the nonmoving party, including any reasonable inferences that may be drawn in his favor. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002); Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).
B. Reasonable Foreseeability
A person who owns property open to the public owes a duty to all persons lawfully on his/her premises “to use reasonable care to prevent injury to [them] by third persons whether their acts are accidental, negligent, or intentional.” Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969). However, that person is not “a guarantor of the safely of persons lawfully on [his/her] premises. The duly owed is limited to guarding against reasonably foreseeable risks of harm.” Luisi v. Foodmaster Supermarkets, Inc., 50 Mass.App.Ct. 575, 577 (2000). In deciding on the foreseeability of the risk of injury, all circumstances must be examined. Flood v. Southland Corp., 416 Mass. 62, 72 (1993). Risks that are reasonably foreseeable are those that the property owner knew or should have known about and against which he/she could have employed preventive measures. Whittaker v. Saraceno, 418 Mass. 196, 200 (1994).
It is true that dispositive motions are generally, but not always, disfavored in negligence cases. Such cases, are, by their nature, fact-rich, and require an inquiry into what is “reasonable.” Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994). The issue of reasonable foreseeability is a question that is properly left for the jury, except in the few cases where the judge appropriately decides that “where the harm suffered, although within the range of human experience, is sufficiently remote in everyday life as not to require special precautions for the protection of patrons.” Westerback v. Harold F. LeClair Co., 50 Mass.App.Ct. 144, 146 (2000). Indeed, only when no rational view of th'e evidence warrants a finding that the defendant was negligent should the judge deny the jury its voice, as the representative of the community in determining what is reasonable. Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983).
Here, before the altercation, the record is devoid of any evidence that Mr. Krueger posed a threat to the safety of other patrons. There is nothing to suggest that Mr. Krueger had a history of fights or had ever physically attacked anyone atTD Garden. This dearth of evidence bears on whether the injury to Mr. Foley was foreseeable. See Carey, 355 Mass. at 452 (bar owner held liable for injuries inflicted upon a patron who was shot by another customer whom the bar owner’s employees knew to be drunk and a troublemaker, but whom they took no steps to remove from the premises or any other preventative measures).
Nevertheless, the court is required to consider all the circumstances, and there can be no doubt that at a sports contest in which the game itself is inherently violent, where thousands of fans are fueled by the volatile mix of unbridled physicality and alcohol, fights at TD Garden are foreseeable. It is true that general foreseeability of criminal activity is not enough without proof that the properly owner knew or had reason to know of a threat to the safely of persons lawfully on the premises. Whittaker, 418 Mass. at 200. Here, however, the record shows that the Delaware North and AlliedBarton had reason to know that the safety of patrons was at risk. Fights at TD Garden have happened in the past, some of which have taken place in the restrooms. Compare Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 792-94 (1988) (common carrier liable for wrongful death of passenger stabbed by another person where bus terminal was in a high crime area and had been the scene of many personal injury crimes), with Whittaker, 418 Mass. at 200 (where commercial landlord did not know of any attacks on tenants in common areas of its office building, landlord had no reason to know of threat to safety of its tenants that would have required it to take preventative steps). Further, it is undisputed that the crowd at the game on March 25, 2010, was extremely rowdy, animated, and vociferous. (See Undisputed Statement of Facts.) Thus, it was reasonably foreseeable that there might be an assault or battery on this particular night.
This court well understands and appreciates that Delaware North and AlliedBarton cannot possibly be expected to safeguard their patrons against all physical alterations that ensue at TD Garden. They are certainly not “guarantors of safety.” Luisi, 50 Mass.App.Ct. at 577. It is their duty, however, to employ preventive measures to safeguard against reasonably foreseeable attacks. This case turns on whether the altercation was reasonably preventable.
In this regard, the record discloses that the security guards who responded had to run three or four stadium sections just to reach the restroom at the time of the altercation; there were obviously no securily officers stationed outside or inside the restroom. It is also unclear whether security personnel ever checked the men’s rooms that evening. Moreover, the parties further dispute whether security personnel were even able to break up the fight when they finally arrived, and that it was only the arrival of the Boston police that quelled the fight.
A genuine issue of material fact, therefore, exists as to whether the presence of security personnel nearer to or directly outside the men’s room bears upon the issue of whether Delaware North and AlliedBarton employed reasonable deterrent measures. Such issues, therefore, preclude resolution of this case on summary judgment. Accordingly, on the basis of the record, this court cannot state that no view of the evidence would warrant a finding that the defendants were negligent.
*552 The court is compelled to defer this case to the collective wisdom of the jury as factfinders. Mullins, 389 Mass. at 56.[4]
ORDER
For these reasons, Delaware North and AlliedBarton’s motion for summary judgment must be DENIED.

 The matters over which such fights erupt seem of great significance to the combatants at the time, but inevitably shrivel when exposed to the light of the next day.

 Nhe court acknowledges that Mr. Krueger disputes the fact that he “attacked" Mr. Foley. Notwithstanding this disputed fact, the court uses the words attack, fight, and physical alteration interchangeably solely to more easily describe the interaction.

 After the incident, Mr. Krueger was charged with assault and battery, and admitted to sufficient facts to warrant a finding of guiliy in the Boston Municipal Court.

 Moreover, the court disagrees with Delaware North and AlliedBartoris argument that Mr. Foley is required to introduce expert testimony. Expert testimony is required on subjects that are “beyond the common knowledge or understanding of the lay juror.” Commonwealth v. Sands, 424 Mass. 184, 186 (1997); see also Esturban v. Massachusetts Bay Transp. Auth., 68 Mass.App.Ct. 911, 911 (2007) (expert testimony necessary where the case involved alleged defect of “complex, technical piece of machineiy, whose design and operational requirements are not straightforward”). The preventive measures taken by security personnel at a sports and entertainment arena do not rise to the level of complex or technical concepts that require expert evidence.