LAUREN WHITTAKER *vs.* DOMINIC J. SARACENO.[1]

Middlesex. April 5, 1994. - July 7, 1994.

Present: WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Negligence*, Duty to prevent harm, One owning or controlling real estate,
    Foreseeability of harm. *Landlord and Tenant*, Landlord's liability to
    tenant or one having his rights.

In an action brought by an employee of a company which leased a portion
    of a building owned by the defendant, alleging that the defendant land-
    lord failed to provide adequate security in the building with the result
    that the plaintiff had been assaulted and raped, the evidence did not
    warrant a finding, in all the circumstances, that the attack on the plain-
    tiff was foreseeable, that is, that the landlord had reason to know of a
    threat to the safety of persons lawfully on the premises against which
    the landlord could have taken reasonable preventive steps. [198-201]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 26, 1986.

The case was tried before *Richard G. Stearns*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Marshall A. Karol* for the defendant.

*Michael R. Goldberg* for the plaintiff.

WILKINS, J. On March 24, 1984, the plaintiff was a free-
lance editorial assistant for a publishing company which
leased a portion of a building owned by the defendant in an
office park in Newton. On that day, a Sunday, the plaintiff
drove to the office park at approximately 8 P.M., and let her-
self into the building with a key which the jury were war-
ranted in finding that she was entitled to have. While she
was attempting to unlock a door to the publishing company's

office, an assailant, who was never identified, came up behind her, threatened her, blindfolded her, and took her to the basement of the building and then, through the underground parking garage, to an adjoining area, where he raped her.

The plaintiff brought this action alleging that the defendant landlord negligently failed to provide adequate security in the building. A jury returned a verdict against the landlord. The trial judge denied the defendant's motion for judgment notwithstanding the verdict. The basic question on the defendant's appeal, which we transferred here on our own motion, is whether, in the circumstances, the evidence permitted a finding that the landlord had any duty to the plaintiff to guard against the criminal acts of the intruder. We conclude that the defendant had no such duty because the assault was not reasonably foreseeable.

Before discussing the details of this case, we set forth some general principles. A landlord, commercial or residential, is not a guarantor of the safety of persons in a building's common area. A landlord is not free, however, to ignore reasonably foreseeable risks of harm to tenants, and others lawfully on the premises, that could result from unlawful intrusions into common areas of the leased premises. Cf. *Foley* v. *Boston Hous. Auth.*, 407 Mass. 640, 644-646 (1990). The duty of a residential landlord in this respect normally would be a higher one than that of a commercial landlord. See *Camerlin* v. *Marshall*, 411 Mass. 394, 397 (1991). A commercial landlord does not have a special relationship with tenants, such as exists between a college and its students (*Mullins* v. *Pine Manor College*, 389 Mass. 47, 54-55 [1983]), between a common carrier and its passengers (*Sharpe* v. *Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 791-792 [1988]), and between a hotel and its guests (*Fund* v. *Hotel Lenox of Boston, Inc.*, ante 191 [1994]). See Restatement (Second) of Torts § 314A (1965).

The trial judge in his memorandum denying the defendant's motion for judgment notwithstanding the verdict stated that generally commercial landlords do not have a duty of care to guard against the foreseeable criminal acts of third

persons. He saw in the evidence, however, an indication that the defendant had undertaken in the lease to the publishing company to provide building security and concluded that a duty was created that otherwise would not have existed. The judge was wrong in both assessments. First, commercial landlords, contrary to what the judge said, may well have a duty of care to guard against foreseeable criminal acts of third parties. Second, the lease between the publishing company and the defendant did not create any duty of care different from that which, in any event, the common law placed on the defendant landlord.[2]

The defendant testified that he had a duty to provide security. He was correct because, as evolved, the common law imposes on a commercial landowner a duty to take reasonable precautions to protect persons lawfully in common areas of rental property against reasonably foreseeable risks. See Restatement (Second) of Torts § 360 (1965); Restatement (Second) of Property, Landlord and Tenant, § 17.3 comment l, at 197 (1977) (unreasonable risk of harm from criminal intrusion dangerous condition). The question in this appeal is whether the evidence warranted a finding that an attack on the plaintiff was reasonably foreseeable. "Foreseeability does play a large part in limiting the extent of liability. . . . Notions about what should be foreseen, in other words, are very much interwoven with our feelings about fair and just limits to legal responsibility." 4 F. Harper, F. James, Jr., & O. Gray, Torts § 20.5, at 136-137 (2d ed. 1986). The word "foreseeable" has been used to define both the limits of a duty of care and the limits of proximate cause. *Id.* at 139. As a practical matter, in deciding the foreseeabil-

---

[2]The lease did not list security as one of the "Lessors' Services" or make any reference to security except in a subsection of a rider to the lease which assigned to the tenant a portion of the costs "of operating, repairing, and maintaining *exterior* common areas and facilities of (the building)" (emphasis added). Among those costs were "snow removal, landscaping, *security* and maintenance for common roadways and open areas" (emphasis added). All that can be read into the word "security" in that phrase is that, if the landlord incurred costs for external security, the tenant would have to pay its proportionate share of them.

ity question, it seems not important whether one defines a duty as limited to guarding against reasonably foreseeable risks of harm or whether one defines the necessary causal connection between a breach of duty and some harm as one in which the harm was a reasonably foreseeable consequence of the breach of a duty.[3]

All the circumstances are examined in defining the scope of a duty of care based on the reasonable foreseeability of harm. *Flood* v. *Southland Corp.*, 416 Mass. 62, 72 (1993). *Mullins* v. *Pine Manor College, supra* at 56. The previous occurrence of similar criminal acts on or near a defendant's premises is a circumstance to consider, but the foreseeability question is not conclusively answered in favor of a defendant landlord if there has been no prior similar criminal act. See *Mullins* v. *Pine Manor College, supra* at 55 & n.12; *Sharp* v. *W.H. Moore, Inc.*, 118 Idaho 297, 301 (1990) ("The solid and growing national trend has been toward the rejection of the 'prior similar incidents rule' "). But see *Ann M.* v. *Pacific Plaza Shopping Ctr.*, 6 Cal. 4th 666, 679 (1993) ("We further conclude that the requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises"),

---

[3]This court has used each approach, perhaps based as much as anything on the way in which the issue was preserved below or argued to us on appeal. Compare *Flood* v. *Southland Corp.*, 416 Mass. 62, 72-73 (1993) (defendant's argument that it owed no duty to plaintiff failed where evidence showed that criminal act came within reasonably foreseeable risk of harm); *Foley* v. *Boston Hous. Auth.*, 407 Mass. 640, 644-645 (1990) (lack of foreseeability of attack established lack of duty); and *Mullins* v. *Pine Manor College*, 389 Mass. 47, 54-55 (1983) (that particular criminal act was foreseeable defined scope of college's duty to exercise due care to prevent such harm) with *Sharpe* v. *Peter Pan Bus Lines, Inc.*, 401 Mass. 788, 793 (1988) (that stabbing was within reasonably foreseeable risks created by defendants' breaches of duty went toward causation question); *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 454 (1969) (foreseeability of harm established element of proximate cause). In our *Fund* opinion (*ante* 191 [1994]), we dealt with the foreseeability issue only in terms of causation because the defendant hotel in effect argued its appeal solely in terms of the lack of proximate cause, that is, the absence of reasonable foreseeability.

overruling *Isaacs* v. *Huntington Memorial Hosp.*, 38 Cal. 3d 112 (1985).

There was no evidence of previous crimes within the office portion of the building in which the plaintiff was attacked, and certainly none of which the landlord was aware. There was evidence of the theft of a vehicle and the theft of the contents of vehicles in the building's parking area. There was also evidence of malicious damage to and the theft of vehicles and the contents of vehicles in other areas of the office park during the year prior to the attack on the plaintiff. There was no evidence that physical attacks had occurred in the office park or that unauthorized persons had committed any crimes in buildings in the office park, which the police described as a low crime area.

The attack on the plaintiff was not reasonably foreseeable. There was no evidence that the landlord knew or reasonably should have known that a physical attack might occur in the building. We recognize that a personal property crime foreseeably could escalate to violence if the criminal is confronted in the course of committing the crime. See *Fund* v. *Hotel Lenox of Boston, Inc., ante* 191 (1994). Here, however, the personal property crimes had never occurred in the office portion of the defendant's building, and there is, in any event, no evidence that the assailant was in the course of committing any personal property crime. The building was not open to the public. There was no evidence that anyone had ever been concerned for his or her safety while in the building.

The possibility of criminal conduct occurring is present in almost every aspect of daily life. In that sense the possibility of a violent attack is always able to be foreseen. However, society should not place the burden of all harm caused by random violent criminal conduct on the owner of the property where the harmful act occurred, without proof that the landowner knew or had reason to know of a threat to the safety of persons lawfully on the premises against which the landowner could have taken reasonable preventive steps. Here the defendant had no duty to the plaintiff to provide

protection against a not reasonably foreseeable act of violence against her.[4]

The verdict is vacated. The judgment is reversed, and the case is remanded for the entry of judgment for the defendant.

*So ordered.*

---

[4]In the *Fund* case, there was evidence that a robbery was reasonably foreseeable and evidence of a killing of a hotel guest by a robber or robbers. Intrusions into the hotel and into guest rooms had occurred previously, and the hotel knew of them. These circumstances bearing on reasonable foreseeability, not paralleled in the case now under consideration, create a meaningful distinction between the two cases.