Graham, J.
INTRODUCTION
The plaintiff, Charlene Gianetti, initiated this lawsuit seeking compensatory damages after sustaining injuries when she was shot in the hip, while- on property located at 9-11 Pond Street, Milford, Massachusetts (the “premises”). The complaint is in seven counts. In Count I, Gianetti alleges that Albert R. Consigli and Jean M. Consigli (the “Consiglis”), as trustees of the Indian Way Realty Trust (the “Trust”), negligently maintained the premises by failing to secure a vacant apartment. In Count II, Gianetti alleges that the Consiglis, as trustees, are negligent for failing to provide a rear means of egress and allowing an unsafe condition to exist. In Count III, Gianetti claims she has suffered the negligent infliction of emotional distress as a result of her injury. In Count IV, Gianetti alleges that an agency relationship existed between the Consiglis, as trustees, and the defendant, Grace Fisher, and that the Consiglis are liable for Fisher’s negligence in allowing a party to occur in the vacant apartment. In Count V, Gianetti alleges that the defendant, Ann Marie Carlino, negligently hosted a party after her former boyfriend threatened to “shoot up” the party. In Count VI, Gianetti alleges that Fisher was negligent for serving alcohol to minors.[2] In Count VII, Gianetti alleges that the Consiglis, as trustees, created a public nuisance by allowing a vacant apartment to remain unlocked. The Consiglis, both individually and as trustees of the Trust, move for summary judgment on Counts I, II, III, IV, and VII.[3] In response, Gianetti has filed a cross motion for summary judgment on Count I. For the reasons set forth below, Gianetti’s motion for summary judgment on Count I is DENIED and the Consiglis’ motion for summary judgment on Count I, Count II, Count III, Count IV, and Count VII is ALLOWED.
STATEMENT OF UNDISPUTED FACTS
Nine and eleven Pond Street are connected two-family apartments that share a common backyard. Legal title to the premises was held by Albert R. Consigli and Jean M. Consigli, as trustees of the Indian Way Realty Trust. The defendant, Grace Fisher, was a tenant in the upstairs apartment of 9 Pond Street, and on June 20, 1992, her daughter, Ann Marie Carlino, was having a birthday party to celebrate her eighteenth birthday on the premises.
At some point during the party, Gianetti and other parly-goers entered the upstairs apartment of 11 Pond Street, which was vacant at the time, and the party continued both outside in the common backyard and in the vacant apartment. Later on during the party, an altercation ensued in the backyard that prompted Gianetti to return to the upstairs apartment of 11 Pond Street. After hearing that someone had a gun, Gianetti and several other individuals entered the bathroom and leaned against the bathroom door. A third-pariy then fired a gun through the bathroom door, striking and injuring Gianetti. Gianetti subsequently filed this claim.[4]
DISCUSSION
A. Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). A party in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, supra at 422.
*228 B. ANALYSIS
1. COUNT I — NEGLIGENT MAINTENANCE OF THE PREMISES
Gianetti alleges that the Consiglis owed her a duty of care to refrain from ordinary negligence and that by leaving the vacant apartment’s door unlocked, which amounted to negligent maintenance, they violated that duty. In addressing Count I, this court will first analyze the duty of care the Consiglis owed to Gianetti and second, address the foreseeability of the harm that occurred, as it will arise in later counts.
a. Duty of Care Owed to Gianetti
In a negligence action, a plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the breach was the direct and proximate cause of the plaintiffs injuries. Joseph R. Nolan & Laurie J. Sartorio, Tort Law §366 at 85 (2d ed. 1989). The existence of a duty is typically a question of law, not of fact. O’Gorman v. Antonio Rubinaccio & Sons, Inc., 408 Mass. 758, 760 (1990); Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989). “[Ajbsent a duty of care there can be no actionable negligence.” Dhimos v. Cormier, 400 Mass. 504, 507 (1987).
In Mounsey v. Ellard, 363 Mass. 693, 707 (1973), the Supreme Judicial Court abolished distinctions drawn between invitees and licensees in analyzing negligence claims occurring on land. The Mounsey court established that an occupier of land owes a duty of reasonable care to all lawful visitors, including guests of tenants, regardless of whether they are invitees or licensees. Id. (emphasis added); see Young v. Garwacki, 380 Mass. 162, 170 (1980) (stating landlord is liable to tenant’s guests for defect of which he had notice and had a reasonable opportunity to repair); Lindsey v. Massios, 372 Mass. 79, 81 (1977) (noting duty landlords owe to tenant’s guests is same they owe to tenant). The Mounsey court, however, pointed out that “there is a significant difference in the legal status of one who trespasses on another’s land as opposed to one who is on the land under some color of right — such as a licensee or invitee. For this reason, among others, we do not believe they should be placed in the same legal category.” Mounsey v. Ellard, supra at 707 n.7.
In Schofield v. Merrill, 386 Mass. 244, 245-46 (1982), the Supreme Judicial Court upheld the traditional rule in this Commonwealth “that a trespasser is entitled to no greater duly of care from one with a right of control over land (typically the landowner) than that he refrain from willful, wanton or reckless disregard for the trespasser’s safety.” See also McDonald v. Consolidated Rail Corp., 399 Mass. 25, 27 (1987). “A trespasser has been defined as ‘a person who enters or remains upon land in the possession of another without a privilege to do so, [a privilege] created by the possessor’s consent or otherwise.’ ” Gage v. Westfield, 26 Mass.App.Ct. 681, 695 n.8 (1988), quoting Restatement (Second) of Torts §329 (1965). “Willful conduct has been described as action intended to do harm, while conduct is wanton or reckless when ‘in the face of a known or obvious risk [one] intentionally persistís] in conduct involving a high degree of probability that substantial harm would result to another.’ ” Gage v. Westfield, supra at 691, quoting Desmond v. Boston Elev. Ry., 319 Mass. 13, 16 (1946).
Taking the evidence in the light most favorable to the nonmoving party, the plaintiff was an invited guest at Carlino’s birthday party. As Carlino’s mother, Fisher, lived in the upstairs apartment at 9 Pond Street and had access to the common backyard of 9-11 Pond Street, the plaintiff would be an invited guest in both of those places as well as all common areas. The Consiglis, as trustees, may be liable for damages resulting from their ordinary negligence in failing to safely maintain those areas.
The plaintiff, however, was not injured in a common area or in the tenant’s upstairs apartment. Rather, the plaintiff and other party-goers entered the vacant upstairs apartment at 11 Pond Street without right or privilege to do so. Upon entering that vacant apartment, the plaintiff and other party-goers became trespassers in relation to the Consiglis. As such, the Consiglis owed the plaintiff a duty to refrain only from willful, wanton or reckless conduct.
The summary judgment record wholly lacks any evidence to support such conduct by the Consiglis. At most, the summary judgment record shows that the Consiglis failed to lock the door to a vacant apartment. The Consiglis did not give anyone permission to enter or use that apartment and had no knowledge that a party was taking place in the vacant apartment. Moreover, the fact that the plaintiff argues Carlino led people to the vacant apartment does not change the duty owed by the Consiglis to the plaintiff, but impacts more upon Carlino’s and Fisher’s potential liability. Based upon these facts, the Consiglis have not breached any duty owed to the plaintiff.
b. Foreseeability of Harm
For negligence claims, foreseeability is an essential element in establishing liability for personal injuries. Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 85 (1984). “The word ‘foreseeable’ has been used to define both the limits of a duty of care and the limits of proximate cause.” Whittaker v. Saraceno, 418 Mass. 196, 198 (1994). “Foreseeability does play a large part in limiting the extent of liability.” Id., quoting 4 F. Harper, F. James, Jr., & O. Gray, Torts §20.5, at 136-37 (2d ed. 1986). “All the circumstances are examined in defining the scope of a duty of care based on the reasonable foreseeability of harm.” Whittaker v. Saraceno, supra at 199. “As a practical matter, in deciding the foreseeability question, it seems not important whether one defines a duty as limited to guarding against reasonably foreseeable risks of harm *229 or whether one defines the necessary causal connection between a breach of duty and some harm as one in which the harm was a reasonably foreseeable consequence of the breach of a duty.” Id. at 198-99.
While the plaintiff attempts to show that the Con-siglis had prior notice of people using the vacant apartment and that the party was foreseeable, the summary judgment record fails to support such a theoiy.[5] Cf. Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 101 (1991) (reversing award of summary judgment when town knew unauthorized vehicles persistently travelled upon that land). There is no evidence that the Consiglis knew or reasonably should have known that a physical attack might occur in the vacant apartment. At most, the Consiglis may be guilty of leaving the door to the vacant apartment unlocked. Such facts do not give rise to the imposition of liability under these circumstances, as the harm was not foreseeable. Cf. Fund v. Hotel Lenox of Boston, Inc., 418 Mass. 191, 194 (1994) (holding failure of hotel to maintain an adequate security system created foreseeable risk that trespasser would gain entrance to hotel and assault guest). Resultingly, Count I must be dismissed.
2.COUNT II — NEGLIGENTLY PROVIDING SECOND MEANS OF EGRESS
Gianetti alleges that the Consiglis violated the State Building Code because the vacant apartment lacked a sufficient second means of egress, i.e., aback stairway exit, which she could have used to flee the apartment rather than running into the bathroom and being shot.[6] As previously stated in Section B.l.a., supra, the Consiglis did not owe Gianetti a duty to refrain from ordinary negligence, but only willful, wanton, or reckless conduct as she was a trespasser. In addition, this court stated in Section B.l.b., supra, that the harm that occurred was not foreseeable.
Moreover, while it is true that violations of a building code may be some evidence of negligence, see, e.g., Si. Germaine v. Pendergast, 411 Mass. 615, 620 (1992), Crowell v. McCaffrey, 377 Mass. 443, 447 (1979), Lindsey v. Massios, supra at 83, the Supreme Judicial Court has stated, “[w]e do not construe a safety statute to establish a new civil cause of action without express terms or clear legislative intent to that effect.” St. Germaine v. Pendergast, supra at 620, quoting Lindsey v. Massios, supra at 84. There exists no cause of action for the alleged violation of the Building Code in this matter.[7]
Furthermore, Gianetti’s claim relies upon the State Building Code, 780 Code Mass. Regs. §804.1 (5th ed. 1990), that provides “(t]he owner or lessee of every existing building and structure shall be responsible for the safety of all persons in, or occupying, such premises with respect to the adequacy of means of egress therefrom.” Gianetti asserts that the vacant apartment had only one stairway running to the ground floor and a steel-rung ladder outside the back window, which violated the State Building Code.[8] The plaintiff, however, has failed to refer to any specific section in the State Building Code, or sufficient facts, to support the theoiy that the means of egress were insufficient.
In fact, 780 Code Mass. Regs. §804.2 provides that the building official “shall issue an exit order in the form of a violation notice,” for unsafe means of egress. In the instant matter, the Consiglis presented this court with a Certificate of Inspection from the Town of Milford, signed by the Building Official, stating that the means of egress for 9-11 Pond Street are sufficient. The Certificate is valid for the period from 3/29/91 to 3/29/96. In addition, 780 Code Mass. Regs. §821.1.2. provides that “(e)xisting fire escapes shall be continued to be accepted as a component in the means of egress in existing buildings only.” After reviewing the summary judgment record, Count II of Gianetti’s complaint must be dismissed.
3.COUNT III — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
To recover for negligently inflicted emotional distress, a plaintiff must prove: “(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.” Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993), quoting Payton v. Abbott Labs, 386 Mass. 540, 557 (1982).
A cause of action based upon negligence principles requires that the record show both negligence and harm with a causal connection between these two elements. Cannon v. Sears. Roebuck & Co., 374 Mass. 739, 742 (1978). In this action, a demonstrated connection between the Consiglis’ conduct in failing to lock the door and the plaintiffs gunshot wound is wholly lacking. This court has already stated that, as a matter of law, the Consiglis were not negligent. As such, no further analysis of Count III is required, and it must be dismissed.
4.COUNT IV — NEGLIGENCE OF PRINCIPAL VIA AGENCY
Gianetti attempts to impute any negligence on the part of Fisher to the Consiglis by establishing a principal/agent relationship.
In support of this claim, the plaintiff references Fisher’s deposition testimony in which she states, “When I lived at 9 Pond Street, I helped paint the windows downstairs when the apartment became empty, because I owed him [Mr. Consigli] some money and he was supposed to deduct it off the rent I owed him.” Fisher continued to state that she helped paint for approximately a two-week period until her niece, Catherine Jacobson, moved in. Fisher can not remember the exact dates, but stated that it was only the downstairs apartment of 9 Pond Street she worked on and that the painting was done either when Mr. Con- *230 sigli was present or that he would sometimes leave the door open for her.
In addition, the plaintiff relies upon Fisher’s deposition testimony stating that Mr. Consigli would check on the apartments before he went away on weekends and ask her to just “keep an eye” on the place. Fisher stated that Mr. Consigli told her to “keep an eye” on the place on the Thursday before the incident, as he was leaving on Friday.
Assuming, as this court must, that Fisher helped paint the downstairs apartment of 9 Pond Street in exchange for a reduction in rent and was asked to occasionally “keep an eye” on the place, such facts do not give rise to a principal/agent relationship between the Consiglis and Fisher. Fisher had no permission or authority to host a party in the vacant apartment, and was not acting as the Consiglis agent in any respect as to the vacant apartment at 11 Pond Street. An agency relationship is not established every time a landlord notifies a tenant he is leaving for a few days and says, “can you keep an eye on the place.” As such, Count IV of the plaintiffs complaint must be dismissed.
5. COUNT VII — PUBLIC NUISANCE
“A nuisance is public when it interferes with the exercise of a public right by directly encroaching on public property or by causing a common injury. To maintain a public nuisance action, a plaintiff must show that the public nuisance has caused some special injury of a direct and substantial character other than that which the general public shares. If such a special injury has occurred, a private plaintiff may recover for injuries caused by a public nuisance even though the injury did not involve any interference with the use of land in which the plaintiff had a properly interest.” Connerty v. Metropolitan Dist. Comm’n, 398 Mass. 140, 148 (1986) (citations omitted).
A public nuisance claim requires the interference with the exercise of a public right. In the instant matter, although the plaintiff can show a special injury, i.e., the gunshot wound, she has failed to adduce any evidence to suggest that a public right was interfered with. The plaintiff was injured after being shot in the hip while on private properly held by the Trust. There existed no public right to enter the premises. Moreover, this case does not concern public property or a common injury to the public at large. See Connerty v. Metropolitan Dist. Comm’n, supra at 148-49 (noting pollution of public water may be public nuisance); Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 894-96 (1983) (concluding loss of access to public way maybe public nuisance). As such, Count VII of the plaintiffs complaint must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment on Count I is DENIED and that the Consiglis’ motion for summary judgment on Count I, Count II, Count III, Count IV, and Count VII, both individually and as trustees of the Indian Way Realty Trust, is ALLOWED.

Nhis court need not address Counts V or VI at this time as neither Fisher nor Carlino has filed a motion for summary judgment.

While the plaintiffs complaint clearly seeks to hold the Consiglis liable both individually and as trustees of the Trust, Counts I, II, IV, and VII refer to them only in their capacity as trustees, and Count III fails to mention which defendants it applies to. In any event, this court will address Counts I, II, III, IV, and VII as if each applies to the Consiglis both individually and as trustees.

The plaintiff has not named the third-party who shot her as a defendant, although Gianetti did testify about the above incident at a criminal matter against Robert Neives.

In support of such ahypothesis, the plaintiff has attached Exhibit #8 in her opposition to the Consiglis’ motion for summary judgment, which the Consiglis move to strike. Exhibit #8 is entitled the “Charlene Gianetti case,” and contains an apparent summary of all Milford Police Department logs from January 1991 to June 1993 that mention or pertain to “Pond Street.” The exhibit is three and one-half pages long, and is unsigned, uncertified, and has no accompanying affidavit verifying its contents. The majority of entries pertain to police interaction at addresses different than 9-11 Pond Street. Virtually all of the remaining entries that do pertain ro 9 or 11 Pond Street refer to Nick Fisher or Michael Dignard, against whom Grace Fisher and Stephanie Jacobson, respectively, have chapter 209A restraining orders against, being unlawfully on the premises. It is not proper for the court to consider unsworn testimony or hearsay evidence when ruling on a motion for summary judgment. See Mass.R.Civ.P. 56; Godbout v. Cousens, 396 Mass. 254, 263 (1985) (allegations in an unverified pleading are not accorded any evidentiary weight). This court allows the Consiglis’ motion to strike Exhibit #8 as it is inadmissible summary judgment material. In any event, the summary does not provide the necessary link to foreseeability.

The plaintiff also argues that the apartment and stairway were inadequately maintained when Fisher moved into 9 Pond Street. Such facts, however, have no bearing on this matter.

This case is readily distinguishable from a Building Code case where some nexus existed between the building code provision and the foreseeable harm from such a violation. See Addis v. Steele, 38 Mass.App.Ct. 433, 437-38 (1995) (holding failure to provide adequate lighting and clear exits, in violation of building code, created a foreseeable risk that guests would be injured in event of fire).

The building located at 9-11 Pond Street has a steel-rung ladder located on its back exterior running from a second-floor window to almost the bottom of the first-floor window, which Gianetti claims is an insufficient second means of egress which violates 780 Code Mass. Regs. §§804.1, 821.0 et seq.