*870 The plaintiff filed a complaint in Superior Court on December 3, 1992, against the defendant parking lot owners and XYZ Security, the firm allegedly hired to provide security services at the premises. One of the defendants, Bertram R. Paley, individually and as trustee, thereafter filed a motion to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).[2] An amended complaint was filed on February 4, 1993. The Superior Court ruled that neither the original nor the amended complaint stated a claim upon which relief could be granted. A separate and final judgment, in accordance with Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), was entered as to this defendant.
The amended complaint alleged as follows: that the plaintiff was lawfully on the premises at the time of the attack; that the defendants, who owned, maintained, or controlled the premises owed the plaintiff a duty of reasonable care to protect her from the foreseeable acts of third parties; and that the defendants’ breach of this duty caused the plaintiff’s injuries. Paley maintains that, in order to establish a duty, the plaintiff was required to allege both that a special relationship existed between the plaintiff and the defendant and that prior criminal acts had occurred in the vicinity.
The relationship between an owner of premises and a lawful visitor has been recognized by Massachusetts courts as one that generally imposes a duty of reasonable care. In the seminal case of Mounsey v. Ellard, 363 Mass. 693, 708 (1973), the Supreme Judicial Court instructed that “[a] landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” This duty, as applied to risks posed by a third party, requires the property owner to exercise reasonable care in preventing injury to a lawful visitor caused by the reasonably foreseeable acts of another, whether those acts are accidental, negligent, or intentional. Flood v. Southland Corp., 33 Mass. App. Ct. 287, 298 (1992), S.C., 416 Mass. 62 (1993), citing Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969). See Whittaker v. Saraceno, 418 Mass. 196, 198 (1994); Griffiths v. Campbell, 425 Mass. 31, 34, (1997); Parslow v. Pilgrim Parking, Inc., 5 Mass. App. Ct. 822 (1977). Reasonable foreseeability that a third party will cause harm to the plaintiff is determined by examining all the circumstances. Flood v. Southland Corp., 416 Mass. at 72. Whittaker v. Saraceno, 418 Mass, at 199. See generally Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637, 639-640 (1996) (“[o]ur cases have recognized that liability may be imposed if a defendant negligently failed to guard against the consequences of reasonably foreseeable criminal conduct”), and cases cited therein.
Relying on Schmid v. National Bank of Greece, S.A., 622 F. Supp. 704, 712 (D. Mass. 1985), the defendant insists that a special relationship must *871 be alleged in order to establish a duty to protect the plaintiff from the wrongdoing of a third party. The Schmid court recognized that “[t]he foremost consideration in determining whether a special relationship exists between a plaintiff and a defendant is whether the defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so.” Ibid., citing Irwin v. Ware, 392 Mass. 745, 756 (1984). Significantly, in Irwin, the Supreme Judicial Court identified property ownership as one of the relationships upon which such , foreseeability may be based. Irwin v. Ware, 392 Mass. at 756.
The case was submitted on briefs.
Robert T. Sullivan for the plaintiff.
Robert P. LaHait for the defendant.
We hold that the plaintiff has stated a claim for negligence based on the duty of a property owner to protect a lawful visitor from foreseeable injury inflicted by a third party. The plaintiff’s failure to allege instances of prior criminal activity in the parking lot area was not fatal to her complaint. Such evidence is viewed as but one factor in determining foreseeability of harm; it is not conclusive on the issue. See Mullins v. Pine Manor College, 389 Mass. 47, 55-56 (1983); Whittaker v. Saraceno, 418 Mass. at 199.
Based on the foregoing, we conclude that the plaintiff’s amended complaint was minimally sufficient to survive a Rule 12(b)(6) motion.[3] See Bell v. Mazza, 394 Mass. 176, 184 (1985). Accordingly, we reverse the judgment dismissing the plaintiff’s amended complaint and remand the matter to the Superior Court for further proceedings.

So ordered.

 The other defendants, Joseph M. Linsey, doing business as Everett Mills, and XYZ Security, did not file responsive pleadings and are not parties to this appeal.

 In view of our disposition of this issue, we need not consider the plaintiffs remaining arguments.