McCann, J.

INTRODUCTION

.The plaintiffs, Daniel Gilbert (Gilbert) and Adnan Mesic (Mesic), are both represented by William G. Rehrey, Esq., 11 Beacon Street, Boston, Massachusetts 02108. The defendant, Atlantic Security Guards, Inc. (Atlantic), is represented by Scott Douglas Burke, Esq. and Doyle C. Valley, Esq:, Morrison, Mahoney & Miller, LLP, 250 Summer Street, Boston, Massachusetts 02210.
Atlantic brings this Motion for Summary Judgment based upon the grounds of issue preclusion and failure to establish a duty. Crystal Park Limited Partnership, also a named defendant, was allowed a Motion for Summary Judgment by Toomey, J. on September 25, 2001.
BACKGROUND
Royal Worcester Apartments (Royal) is a residential apartment complex at 45 Grand Street, Worcester, Massachusetts. It is owned and maintained by Crystal Park Limited Partnership (Crystal). It is a residential apartment building consisting of one hundred and fifty-five units. Atlantic and Crystal entered into an agreement whereby Atlantic was to provide security services at Royal. The pertinent terms of the agreements provided that Atlantic was to provide a single, unarmed security officer whose primary function is to patrol the entire property. The terms and conditions of the contract specified that the security officer was to assist in the protection of clients’ property at the site.
On April 5, 1998, a resident, Fawn Brunnell (Brunnell), was having a party in her apartment at Royal. Both Mesic and Gilbert attended the party. Mesic arrived at the party at approximately 12:30 a.m. Gilbert arrived at approximately 1:00 a.m.
Mesic had previous visits to Royal during which time he observed a security guard at the desk in the lobby. On those occasions, he was handed a sheet of paper on which he signed his name and the number of apartment he was visiting and the time that he came in. When he left, he observed a security guard at the desk and entered the time that he left. Gilbert had visited Royal on one prior occasion at which time he was required to sign in. There is no evidence that he was required to sign out.
On April 5,1998, neither Mesic nor Gilbert observed a security guard at the desk at the front entrance.
After Mesic and Gilbert arrived, the party was crowded and noisy. Each had been drinking.
Shortly after they arrived, there was a commotion in the hallway outside Brunnell’s apartment. Someone yelled something to the effect that someone had a weapon. Some people rushed in the door of Brunnell’s apartment. Gilbert and a few others slammed the door shut. An unknown person then kicked the door open and began slashing at the individuals inside wounding both Gilbert and Mesic. Neither Gilbert nor Mesic nor *463 any other persons in the building has ever been able to identify the assailant. The assailant remains unknown to this date. No one can provide facts that the assailant should not have been on the premises at the time of the attack.

DISCUSSION

The only contractual relationship was between Atlantic and Crystal. Atlantic agreed to provide a single, unarmed security officer who by the terms of the agreement with Crystal had a primary function to control the entire property, to assist in the protection of clients’ (Crystal) property at the site. Nothing in the contract provided for protection of tenants or guests.
The undertaking by Atlantic to act as security for Royal was not an undertaking for the protection of either Gilbert or Mesic or any other persons. Rather the agreement was to assist in the protection of the property of the clients of Crystal at the site. Therefore, in this case, Atlantic did not for consideration voluntarily render any service to either Gilbert or Mesic which it would recognize as necessary for their protection. This Court concludes that no duty of care was owed by the defendant Atlantic to either plaintiff Gilbert or Mesic.
Atlantic did not contractually obligate itself to protect the plaintiffs from harm. No evidence is provided by Gilbert or Mesic which would support the notion that Atlantic somehow breached its contract with Crystal. There was nothing in the contract between Atlantic and Royal requiring a guard at the front desk. Although there may have been a guard at the desk on occasion when each previously arrived and left the premises, there is nothing in any of the facts presented to this Court that would indicate that a person would not be allowed admittance if no guard were there. The contract provided for one unarmed security guard in a building consisting of one hundred and fifty-five units. The obligation of the guard was to assist in the protection of Crystal’s property. There is no evidence that the assailant may have been from within the property or may have been a guest of someone else within the property. The Court rules that the risk which results in the plaintiff s injury in this case is not one which could reasonably be anticipated by Atlantic. Atlantic has no duty to Gilbert or Mesic to provide protection against a not reasonably foreseeable act of violence against them. Boston Housing Authority, 407 Mass. 640 (1990); Whitaker v. Saraceno, 418 Mass. 196 (1994).
For the reasons stated, the Court allows the Motion for Summary Judgment.

ORDER

Atlantic Security Guards, Inc.’s Motion for Summary Judgment is ALLOWED.