Murphy, J.
The plaintiff, Timothy McCauliff (“McCauliff’), brought this action against defendants, Captain’s Lounge, Inc. (“Captain’s”) and Daniel J. O’Sullivan (“O’Sullivan”) for injuries allegedly sustained during an altercation at Captain’s on October 19, 1998. McCauliff claims that Captain’s is liable for the injuries based on theories of dram shop liability and negligent supervision. The matter is before the court on Captain's motion for summary judgment on all the claims asserted by McCauliff. For the reasons detailed below, Captain’s motion for summary judgment is ALLOWED.

BACKGROUND

The New England Patriots and New York Jets played a Monday night football game on October 19, 1998. *675 Captain’s televised the game for its patrons and it soon became apparent that there were widely differing assessments of the respective abilities of each team. Discussion on this topic continued after the game was over, with McCauliff and O’Sullivan holding strongly opposed views. The two men confronted each other using loud and profane language. This situation was defused by Captain’s bartender. She confiscated O’Sullivan’s beer, the only alcohol served to him at Captain’s that night, and told him he could not stay unless he behaved. O’Sullivan complied with these directions for a few moments before attacking McCauliff. McCauliff claims damages in excess of $50,000 in lost wages and medical treatment to his left knee and leg resulting from the scuffle.

DISCUSSION

“The purpose of a summary judgment motion is to decide cases where there are no issues of material fact without the needless expense and delay of a trial followed by a directed verdict.” Correllas v. Viveiros, 410 Mass. 314, 316 (1991). A grant of summary judgment is inappropriate when there are outstanding issues of material fact. See Breuing v. Callahan, 50 Mass.App.Ct. 359, 363 (2000). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and showing that summary judgment entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party satisfies this burden by submitting affirmative evidence refuting an essential element of the opposing party’s case, or by showing that the opposing party has no reasonable expectation of proving an essential element of its case at trial. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000).
I.
The parties agree that Captain’s liability as a dram shop claim will only lie “in serving alcohol to a person who is already showing discernible signs of intoxication.” Kirby v. Morales, 50 Mass.App.Ct. 786, 793 (2001). Thus, in order to find that Captain’s is liable under this theory there must be evidence that O’Sullivan appeared intoxicated when Captain’s served him his beer.
The evidence on the record is that O’Sullivan was loud, obnoxious and belligerent in expressing his views on the merits of the New England Patriots. These facts do not lead to the conclusion that O’Sullivan was intoxicated. Sports disagreements, especially in the immediate wake of a hotly contested game, are often characterized by these attributes. Sports stir passions in many contexts. That is why they are such a prominent and successful part of modern society. However, even if it were true (which it is not) that all intoxicated people express their passions vehemently, it does not follow that all vehement passions can only be expressed by intoxicated people. Thus, O’Sullivan’s loud and obnoxious behavior is not, without more, evidence that he appeared intoxicated.
McCauliff points to the fact that Captain’s bartender “cut-off or ”shut-off' O’Sullivan a few moments before the altercation. McCauliff contends that this action would not make sense unless the bartender knew O’Sullivan was drunk. This argument is unavailing. Even if we accept that O’Sullivan appeared intoxicated at this point, the observation did not occur at a time relevant to dram shop liability. Simply, there is no evidence that O’Sullivan appeared intoxicated when the bartender gave him his beer. In addition, depriving O’Sullivan of beer and telling him to be quiet were perfectly viable disciplinary tactics. That the bartender did not take further action shows she believed she and O’Sullivan were communicating effectively and that he was responding in an appropriate manner. Therefore, none of the undisputed evidence before this Court supports the assertion that O’Sullivan appeared intoxicated either before he was served his last drink or at any time thereafter. Accordingly, summary judgment will be allowed on this portion of Captain’s motion.
II.
“A possessor of land is not a guarantor of the safety of persons lawfully on its premises. The duty owed is limited to guarding against reasonably foreseeable risks of harm.” Luisi v. Foodmaster Supermarkets, Inc., 50 Mass.App.Ct. 575, 577 (2000). Risks that are reasonably foreseeable are those risks that the landowner knew or should have known about and against which the landowner could have employed preventative measures. Whittaker v. Saraceno, 418 Mass. 196, 199 (1994).
McCauliff contends that Captain’s should have recognized the danger O’Sullivan presented and required him to leave immediately after the initial confrontation. There is no evidence that O’Sullivan ever attacked anyone at Captain’s before or that he had ever attacked anyone physically prior to this incident. Additionally, there is nothing to suggest that Captain’s had a history of such fights. While not in themselves conclusive, such facts bear on whether McCauliffs damages were reasonably foreseeable. In the context of that evening, O’Sullivan did not exhibit the “drunken staggerings” that led to liability for negligent security in Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969). In fact, the lack of evidence that O’Sullivan was visibly intoxicated noted in the discussion of Captain’s dram shop liability also argues for a lack of foreseeability on this count of McCauliffs complaint. In particular, the several moments of compliance with the bartender’s orders suggest that any reasonably foreseeable risks were addressed.
The preventative measure recommended here, eviction from Captain’s, is neither as safe nor effective as McCauliff contends. The potential for violence involved in escorting a loud and obnoxious customer out of the bar is at least as great (perhaps even more so) than in allowing a compliant, appropriately disciplined custo *676 mer to stay at the bar. Even if forced out of the bar as McCauliff suggests, Captain's could retain liability if O’Sullivan attacked McCauliff in the parking lot. Therefore, since there is no evidence that the risks O’Sullivan presented to McCauliff were either reasonably foreseeable or that additional preventative measures would have eliminated the risks, Captain’s is entitled to judgment as a matter of law and summary judgment may enter.
ORDER
For the foregoing reasons, defendant, Captain’s Lounge, Inc.’s motion for summary judgment on all counts is ALLOWED.