Staffier-Holtz, Nancy, J.
INTRODUCTION
The plaintiffs, Jane Doe and her parents, Sean and Maureen Doe, have brought suit against Wendy’s Old Fashioned Hamburgers of New York, Inc. (“Wendy’s”) alleging that on April 16, 2002, Jane Doe was sexually assaulted by a Wendy’s employee while in the women’s restroom at Wendy’s in Boston. The plaintiffs assert claims for negligence, emotional distress, loss of consortium, violation of G.L.c. 93A and negligent hiring. The defendant has moved for summary judgment on all counts. For the reasons set forth below, the defendant’s motion is allowed.
BACKGROUND
Wendy’s is a restaurant with a usual place of business at 551 Boylston Street, Boston, Massachusetts. According to the plaintiffs, April 16, 2002, in the afternoon, fifteen-year-old Jane Doe (“Doe”) was a customer at Wendy’s.[1] Upon arriving at Wendy’s she decided to use the restroom. The women’s restroom contains two stalls. While in the restroom, Doe claims she saw someone’s shoes in the smaller stall so she opted to use the larger one. According to the plaintiff, while she was washing her hands at the sink, a Wendy’s employee, later identified as Moulay H. Nani Idrissi (“Idrissi”), approached her and requested sexual relations, grabbed her elbow, turned her around, pushed her backwards and tried to unfasten her belt. When this happened, Doe pushed him aside and ran out of the bathroom.
Idrissi had been hired by Wendy’s on April 5, 2002, just nine days prior to the alleged incident. Idrissi’s employment application listed only one reference and the reference only listed a first name. There is no indication that this person was ever contacted by Wendy’s. It is not the policy of Wendy’s to perform independent criminal background investigations on job applicants or employees nor does it check to see whether a potential employee is listed as a registered sex offender. Wendy’s relies solely on the potential applicant’s own application for criminal background information.
*664 Wendy’s has an unwritten policy that requires forewarning female customers when the women’s restroom is being tended to by a male employee. That policy is to prop open the restroom door and have a manager in the area of the restroom. Further, any such male employee must get permission from a manager to go into a women’s restroom. Doe alleges that the door to the women’s restroom was closed at the time of the alleged incident and there was not an employee, manager or otherwise, in the area.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of establishing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment must demonstrate the absence of a triable issue either by submitted affirmative evidence negating an essential element of the opposing party’s case or by showing that the opposing party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis ir. General Motors Corp., 410 Mass. 706, 716 (1991).
Wendy’s contends that there are no genuine issues of material fact and it is entitled to judgment as a matter of law with regard to all of the plaintiff s claims. In particular, Wendy’s contends there is insufficient evidence to warrant a finding that the alleged incident was reasonably foreseeable and therefore the evidence is insufficient as a matter of law to establish that Wendy’s breached a duly to the plaintiffs or that any act of Wendy’s caused the plaintiffs injuiy. Wendy’s also contends that summary judgment should be entered in its favor with regard to the plaintiffs claim under G.L.c. 93A because there is insufficient evidence as a matter of law to support that claim.
1. Negligence (Counts I and V)
There is no real dispute but that as a possessor of land open to the public, Wendy’s owes a duty to all persons lawfully on the premises to use reasonable care to prevent injuries to them by third persons, whether the acts are accident, negligent or intentional. Luisi v. Foodmaster Supermarkets, Inc., 50 Mass.App.Ct. 575, 577 (2000). Such a possessor of land, however, is not a guarantor of safety for all persons lawfully on the premises. Luisi at 577. Wendy’s only owes a duty to protect persons lawfully on the premises from reasonably foreseeable risks. Luisi at 577. Such a duly would certainly extend to the plaintiff, Doe, who by all accounts, was lawfully on the premises as a customer on the date in question.
Wendy’s also has a duty to use reasonable care in the selection, retention and supervision of its employees. “An employer must use due care to avoid the selection or retention of an employee whom he knows or should know is a person unworthy, by habits, temperament, or nature to deal with the persons invited to the premises by the employer.” Foster v. The Loft, Inc., 26 Mass.App.Ct. 289, 290-91 (1988). Certainly given the nature of Wendy’s business, it would have a duty to Doe to exercise reasonable care in the selection, supervision and retention of its employees.
The core issue presented by this motion is whether the risk of injury is foreseeable. There is always a possibility, in today’s society, that criminal conduct will occur. Whittaker v. Saraceno, 418 Mass. 196, 200 (1994). “However, society should not place the burden of all harm caused by random violent criminal conduct on the owner of the property where the harmful conduct occurred, without proof that the landowner knew or had reason to know of a threat to the safety of persons lawfully on the premises against which the landowner could have taken reasonable preventive steps.” Whittaker, 418 Mass. at 200. “There is no duty owed when the risk which results in the plaintiffs injuiy is not one which could be reasonably anticipated by the defendant.” Foley, 407 Mass. at 646, citing Husband v. Dubose, 26 Mass.App.Ct. 667, 669 (1988), quoting Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass.App.Ct. 901, 902 (1987).
The plaintiffs have relied heavily on Wendy’s policy regarding cleaning the women’s restrooms to support their claims. This warrants a close look at that policy and its purpose to ascertain whether or not it lends support to a claim of foreseeability. To forewarn a customer that the women’s restroom is being tended to by a male employee, Wendy’s policy is that the restroom door should be propped open and that a manager should be monitoring the area of the restrooms. However, there is no evidence that this policy is a result of any past experience relating to criminal conduct by male employees entering the women’s restroom unchaperoned. The plaintiffs have characterized this policy as a “security” policy although the record does not support such a characterization.[2] In the absence of any evidence that this policy was instituted because Wendy’s had knowledge that sexual or violent assaults were occurring and sought to prevent further incidents, the plaintiffs cannot rely on a violation of this policy to bootstrap their way into foreseeability.
When determining whether the risk of harm was foreseeable or whether an employer could have reasonably anticipated the risk of harm, all circumstances surrounding the injury must be considered. Whittaker, 418 Mass. 199. For example, the occurrence of similar criminal acts in the past at or near a location is a circumstance to consider, but not a conclusive factor. Id. at 199. No such evidence exists *665 here. To the contrary, it is undisputed that prior to the alleged incident, there was no histoiy of assault on customers in the restrooms or elsewhere by Wendy’s employees. Without evidence of previous crimes or misbehavior at or near this Wendy’s, there is no basis for concluding that the alleged incident was foreseeable because of a lapse in bathroom cleaning policy (which policy as noted does not appear to have been developed due to security or safety issues; rather the policy appears to reflect sensitivity to concerns about modesty, i.e. the propriety of having men in the bathroom while women are there as well).
The plaintiffs argue that by not enforcing or properly instructing all employees on the bathroom procedures, especially in a busy section of the city, Wendy’s substantially contributed in creating a foreseeable risk to customers. The plaintiff states that many homeless people frequent the area of the city where Wendy’s is located and that they use the restaurant’s restrooms. The risk of harm is foreseeable when the premises is located in a high crime area taken together with the fact that the possessor of the property is aware of other incidents of crime yet fails to take proper precautions in light of that knowledge. Fund v. Hotel Lenox of Boston, Inc., 418 Mass. 191, 193-95; Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 792-94 (1988). However, there is nothing in the record to support a conclusion that this location has a high rate of crime. Certainly this Court is not prepared to accept that the fact that homeless people utilize the restrooms is tantamount to a finding that this constitutes a high crime area (even assuming there was evidence that Wendy’s was aware that any such high crime rate existed and failed to take preventative measures).[3]
The plaintiffs also argue that the hiring and retention practices of Wendy’s made the alleged incident foreseeable. A breach of the duty to use reasonable care when hiring, retaining or supervising employees occurs when the employer is aware or should be aware of problems with an employee and neglects to take action. Foster v. The Loft, Inc., 26 Mass.App.Ct. 289, 291 (1988). The employer’s knowledge of an employee’s criminal record or past misbehavior is an important, but not conclusive, factor to be considered when determining whether the employer could have reasonably anticipated the risk of harm to a plaintiff. Foster, 26 Mass.App.Ct. 294. The character of the intended employment determines whether criminal histoiy or past misbehavior should serve to disqualify a candidate. Or v. Edwards, 62 Mass.App.Ct. 475,488 (2004). The nature of an employee’s crimes must be weighed appropriately. Foster at 26 Mass.App.Ct. 294, n.7. “The employer’s knowledge of past acts of impropriety, violence, or disorder on the part of the employee is generally considered sufficient to forewarn the employer who selects or retains such employee in his service that he may eventually commit an assault, although not eveiy infirmity of character, such, for example, as dishonesty or querulousness, will lead to such result.” Foster at 291, citing Annotation, Liability of Employer, Other Than Carrier, for a Personal Assault Upon Customer, Patron, or Other Invitee, 34 A.L.R. 2d 372, 390 (1954).
In Foster v. The Loft, Inc., a customer brought an action against an employer for negligent hiring and retention after he was assaulted by an employee. Foster v. The Loft, Inc., 26 Mass.App.Ct. 289, 295 (1988). There the plaintiff alleged the employer knew the employee had a criminal record prior to the incident and did not take further action to determine whether the employee’s criminal record would compromise the safety of customers. Foster at 291-92. After examining the totality of the circumstances, the Appeals Court concluded that the criminal record, coupled with the fact that the nature of the workplace was considered “volatile” and that there was a high potential for violence, was enough for a juiy to find an employer negligent. Id. at 295. In Foley v. Boston Housing Authority, the court concluded that there was no evidence that the defendant employer had any knowledge that the employee may pose a risk to the plaintiff, a co-worker, and therefore, the assault was outside the scope of foreseeability. Foley, 407 Mass. at 645-46.
Here, there is no evidence from which a juiy could conclude that Wendy’s would have learned anything to make this alleged incident foreseeable if more stringent hiring procedures were enforced, including independently conducted criminal background investigations. The simple fact is that after the alleged incident, the Boston Police Department ascertained that Idrissi had no criminal histoiy. No facts have been produced to suggest otherwise.
Therefore, even if Wendy’s did breach its duty of care by hiring Idrissi without performing proper hiring procedures, the plaintiffs’ claim fails on the element of causation. Since Idrissi had no criminal background, a failure to perform such a check would have no causal connection to forseeability.
As to the plaintiffs’ claims for negligent supervision', the plaintiffs have alleged that Wendy’s failed to properly train Idrissi in safety procedures. However, whether Idrissi understood the procedures or not (due to possible language difficulties), the plaintiffs have presented no evidence which would support a finding that Idrissi’s act, committed intentionally, was caused by his failure to fully comprehend the procedures re: cleaning the women’s restroom.
2. Emotional Distress, Loss of Consortium and Chapter 93A (Counts II, III, IV)
The emotional distress and loss of consortium claims fail for the reasons discussed above: The plaintiffs have failed to present any evidence to warrant a jury finding that this act was foreseeable.
*666 As to the claim that Wendy’s violated G.L.c. 93A set forth in Count IV, first, as the defendant properly notes, the regulations relied upon by plaintiffs, 940 CRM Section 3.16(3) which states that the failure to comply with statutes and regulations concerning public health and safely constitutes an unfair trade practice and 105 CMR Section 410.480 which concerns landlord-tenant relations and maintenance of “dwelling units” have no application here. A reading of these regulations reveals that they apply only to residences and not to restaurants such as Wendy’s. As to the claim that Wendy’s has failed to negotiate a settlement in good faith, putting aside the discussion, supra, on the merits of the plaintiffs’ claims, the plaintiffs have never presented a formal demand for settlement pursuant G.L.c. 93A.
CONCLUSION
In the absence of any evidence that the employee in question had a criminal record, no known history of violent or sexual misconduct, no known history of any sexual or violent assaults in the restrooms or elsewhere at Wendy’s by anyone, including employees of Wendy’s and in the absence of any other factual basis upon which Wendy’s could be expected to have foreseen this act, the plaintiffs simply have presented no facts in opposition to this motion upon which a jury could find that Wendy’s was liable under any of the theories posited by the plaintiffs.
ORDER
It is ORDERED that the defendant’s Motion for Summary Judgment be GRANTED.

According to police reports, the police questioned the veracity of Jane Doe’s allegations, due in large part to what appeared to be her intoxicated state. However, for purposes of this motion this Court accepts the plaintiffs’ version of these events as related by Jane Doe.

In fact, it seems far more likely that the reason for the early warning system alerting women that a man might be in the restroom doing the cleaning, is due to concerns about privacy, not to minimize the risk of a sexual assault. For example, District Manager Seymour, discussing the bathroom policy, made reference to having a manager there and the door open so there would be “no surprises” (Seymour deposition, pages 49-53); again, on page 59 of his deposition, Mr. Seymour comments on the use of locks in the bathrooms so “people can’t walk in on you.” The only reasonable reading of this policy is that it appears intended to avoid embarrassment and intrusion upon one’s privacy and not intended to thwart anticipated attacks of a sexual nature.

 conclude that the presence of homeless people should have put Wendy’s on notice that there was a likelihood of assaults occurring on the premises is to permit inappropriate speculation in the absence of actual evidence; if this Court were to speculate on the point, however, it seems that the types of foreseeable acts of homeless people are more likely to consist of panhandling and loitering, and not sexual assaults.