NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-329

SALLY R. WESTGATE

vs.

VIBRA HOSPITAL OF SOUTHEASTERN MASSACHUSETTS, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Contending that the trial judge impermissibly engaged in fact finding about whether her injury was reasonably foreseeable and erred by not applying the rescue doctrine, the plaintiff appeals from the dismissal, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), of her one-count complaint alleging negligence by the defendant hospital. Because the allegations in the complaint do not plausibly suggest that her injuries were foreseeable, we affirm.

Background. We recite the facts as set forth in the complaint. Bassichis v. Flores, 490 Mass. 143, 144 (2022). While driving on an access road near the hospital, the plaintiff noticed a woman "overturned on the asphalt in a wheelchair and in distress." After stopping the car to help the woman, the plaintiff "assessed that the woman was likely" a patient of the

hospital, and then "[ran] up the hill to get help" from the hospital.  In doing so, the plaintiff "tripped on a rock, got turned around, and fell forward onto her face on the asphalt of the access way," causing "serious bodily injury."

The plaintiff alleged that the hospital was negligent in allowing "a patient to elope its facility before the patient was properly discharged from care," and that the hospital "negligently supervised and monitored its patient so as to cause an elopement resulting in a dangerous situation," which invited rescue.[1]  A Superior Court judge dismissed the complaint for failure to state a claim upon which relief could be granted.

Discussion.  We review the allowance of a motion to dismiss de novo.  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  To survive a motion to dismiss, the factual allegations must "plausibly suggest," not merely be consistent with, an entitlement to relief.  Id., quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  "In making this determination, we look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief."  Curtis

---

[1] Assuming given the procedural posture that the woman in the wheelchair was a patient, despite the absence of facts to support such an inference or explain the basis for the plaintiff's assessment, there are no facts in the complaint to establish whether the patient eloped or was discharged from the hospital.  Nothing in our holding depends on this difference.

v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). "We accept as true the allegations in the complaint and draw every reasonable inference in favor of the plaintiff." Id.

To prevail on her negligence claim, the plaintiff must show "that the hospital owed [her] a duty of reasonable care, that the hospital breached the duty, that damage resulted, and that there was a causal relation between the breach of duty and the damage." Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 (2009). The existence of a duty is a question of law which is appropriately considered on a motion to dismiss. See id., at 40, 44; Remy v. MacDonald, 440 Mass. 675, 676 (2004) (claim of negligence cannot be brought where no duty of care exists). "Fundamentally, the existence of a duty of care depends upon the foreseeability of a risk of harm that the defendant has an ability to prevent." Heath-Latson v. Styller, 487 Mass. 581, 584 (2021). See Jupin v. Kask, 447 Mass. 141, 147 (2006) ("precondition to this duty is, of course, that the risk of harm to another be recognizable or foreseeable"); Foley v. Boston Hous. Auth., 407 Mass. 640, 646 (1990) ("no duty owed when the risk [causing] injury is not one which could be reasonably anticipated" [citation omitted]). Foreseeability defines both the "limits of a duty of care and the limits of proximate cause." Whittaker v. Saraceno, 418 Mass. 196, 198 (1994). "Liability for conduct obtains only where the conduct is both a

3

cause in fact of the injury and where the resulting injury is within the scope of the foreseeable risk arising from the negligent conduct." Leavitt, supra at 45.

1. Duty of care. "Absent a special relationship with a person posing a risk, there is no duty to control another person's conduct to prevent that person from causing harm to a third party, and . . . there is no special relationship between the hospital and the patient that would give rise to such a duty in the circumstances of this case." Leavitt, 454 Mass. at 40-41. This principle governs in the case at bar. Massachusetts does not recognize "a duty to a third person of a medical professional to control a patient (excluding a patient of a mental health professional, . . .) arising from any claimed special relationship between the medical professional and the patient." Id. at 42. Because there is no allegation here that the overturned person was the patient of a mental health professional, the hospital owed the plaintiff no duty "to control or detain the patient." Id. at 44.

2. Causation and foreseeability. Dismissal was also appropriate because the plaintiff's injury was not "caused" by the hospital since it was outside the scope of the foreseeable risk from the hospital's conduct. Although typically a question reserved for a jury, causation may be decided as a matter of law "where there is no set of facts that could support a conclusion

4

that the plaintiff's injuries were within the scope of liability." Leavitt, 454 Mass. at 44-45, citing Kent v. Commonwealth, 437 Mass. 312, 320, 322 (2002).

The plaintiff's injury arose not from the "same general type of danger" that the hospital should have taken steps to avoid, like harm to the patient or those injured by the patient, but from "some other danger," i.e., the plaintiff's tripping on a rock. Leavitt, 454 Mass. at 46. See Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 640-641 (1996) (jury could not find that officer's injuries, which were caused when car thief resisted arrest, were within reasonably foreseeable risk of harm created by defendant restaurant's negligence in allowing car to be stolen).[2]

Because the complaint failed to establish foreseeability

---

[2] This same analysis disposes of the plaintiff's rescue doctrine theory. Although the plaintiff injured herself while trying to help the patient, "not all injuries to rescuers are within the scope of foreseeable risk: liability does not attach for injuries suffered as a result of 'risks that would not be anticipated to arise from the rescue.'" Leavitt, 454 Mass. at 47, quoting Restatement (Third) of Torts: Liability for Physical Harm § 32 comment c, at 653 (Proposed Final Draft No. 1, 2005).

5

sufficient to infer either the existence of a duty or causation, we affirm the dismissal.

Judgment affirmed.

By the Court (Milkey, Walsh & Hershfang, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  February 9, 2023.

---

[3] The panelists are listed in order of seniority.